INHABITANTS OF SHEFFIELD *vs.* INHABITANTS OF OTIS.

If an action is submitted in the superior court, by agreement of the parties, for the judge to find the facts and report the whole case for this court to decide which party is entitled to judgment, his finding of a material fact upon conflicting evidence is not open to revision, although he reports all the evidence.

The provisions of the Sts. of 1865, *c.* 230, and 1868, *c.* 328, § 3, relating to the acquirement by soldiers in the civil war of settlements in cities or towns of which they were inhabitants and as part of whose quotas they were duly enlisted and mustered, apply to drafted men as well as volunteers; and it is immaterial to the question whether a soldier gained a settlement under those provisions, that, after having been in due form enlisted and mustered, and having served one year and more, he was discharged as illegally drafted.

CONTRACT to recover the amount of expenses incurred by the plaintiffs for the support, as a pauper, of Candace, wife of William W. Walley, whom they contended to have gained a settlement with the defendants, under the Sts. of 1865, *c.* 230 and 1868, *c.* 328, § 3, by his service as a soldier during the civil war. The case was heard in the superior court without a jury, and reported by *Devens,* J., under an agreement of the parties " that such facts might be found as were in dispute, and the whole case reported for the decision of " this court " as to whether the plaintiffs are entitled to recover, in which case it is agreed that judgment should be for them for " a specified sum, " or whether the defendants are entitled to judgment." The judge found, among other things, that William W. Walley was an inhabitant of the town of Otis in the year 1863, at the time when he was drafted

as a soldier; and set forth in the report all the evidence on which he made this finding. The substance of the report is stated in the opinion.

*J. Dewey, Jr.*, for the plaintiffs.

*M. Wilcox*, for the defendants.

MORTON, J. The plaintiffs are entitled to recover if William W. Walley gained a settlement in the town of Otis under the St. of 1865, *c.* 230. The first section of this act, as amended by the St. of 1868, *c.* 328, § 3, provides that any person who shall have been duly enlisted and mustered into the military or naval service of the United States, as a part of the quota of any city or town in this Commonwealth, under any call of the President of the United States, during the recent civil war, and who shall have served not less than one year, and the wife or widow and minor children of such person, shall be deemed thereby to have acquired a settlement in such city or town; provided such person was, at the time of his enlistment, of the age of twenty-one years and an inhabitant of such city or town.

The question whether Walley was an inhabitant of Otis at the time of his enlistment is a question of fact exclusively within the province of the presiding judge who tried the case, trial by jury having been waived. There was conflicting evidence upon this question, to be weighed by the judge, who only can determine what credit the different witnesses are entitled to. We have no right to revise his finding. The special order of the war department discharging Walley because he was "illegally drafted," if competent upon this issue, is not conclusive. It does not show that the draft was illegal because he was not an inhabitant of Otis. It may have been for other reasons.

The only question, therefore, in the case, is whether Walley was, within the true meaning of the statute, duly enlisted and mustered into the military service of the United States, as a part of the quota of the town of Otis. The facts agreed are, that " Walley was drafted and mustered into the service of the United States, by the military authorities of the United States, from the town of Otis in 1863, and actually served as a part of its quota from July 1863 to March 1865, when he was discharged from

service " by virtue of a special order of the war department, " as a person illegally drafted." It is also agreed that, after he was drafted, he was arrested by a marshal, acting in behalf of the United States, and not of the town of Otis, and mustered into the Fifty-Fourth Massachusetts Regiment.

It seems clear to us that the case is not taken out of the statute by the fact that Walley was drafted, and did not volunteer to enter the service. The words of the statute are, " any person who shall have been duly enlisted," and not any person who shall voluntarily enlist. By the primary meaning of the word, a person is " enlisted " whose name is duly entered upon the military rolls, and it applies to those who are drafted as well as to those who volunteer. Both are enlisted. The word is used in this sense in the articles of war for the government of the armies of the United States. The eleventh article provides that, " after a non-commissioned officer or soldier shall have been duly enlisted and sworn, he shall not be dismissed the service without a discharge in writing." The twentieth article provides that " all officers and soldiers who have received pay, or have been duly enlisted in the service of the United States, and shall be convicted of having deserted the same, shall suffer death or such other punishment as by sentence of court martial shall be inflicted." U. S. St. 1806, *c.* 20 ; 2 U. S. Sts. at Large, 361, 362. In both of these articles the term " duly enlisted " necessarily includes soldiers who have been drafted, as well as those who have entered the service as volunteers.

But the defendants further contend that Walley was not " duly enlisted and mustered," within the statute, because he was discharged from the service as a person illegally drafted. We cannot concur in this view. The special order discharging him is conclusive evidence that he was honorably discharged. *Fitchburg* v. *Lunenburg*, 102 Mass. 358. If it be admitted that it is conclusive evidence of the fact, therein recited, that he was illegally drafted, the consequences claimed by the defendants would not follow. Walley was in due form enlisted and mustered into the service, and discharged his duty as a soldier for nearly two years. He went to make up the quota of Otis, and that town was as

much benefited by his service as if he had voluntarily enlisted or had been legally drafted. He rendered, in behalf of the town, the services in consideration of which the privileges of a legal settlement therein have been conferred by the statute. We are of opinion that the intention and spirit of the statute embraces every soldier who has in good faith served for the benefit of the town for not less than a year, and who was in due form enlisted and mustered into the service, whether he was by law required to serve or not. *Bridgewater* v. *Plymouth*, 97 Mass. 382. Upon the facts agreed and proved, there must be ·

*Judgment for the plaintiffs.*