### Thomas Edmundson *vs.* Joanna Bric & another.

Bristol. Oct. 24. — Dec. 4, 1883. Field & W. Allen, JJ., absent.

Where a case is tried by a judge without a jury upon conflicting evidence, his findings of fact are conclusive, although the bill of exceptions states all the evidence.

It is not necessary to constitute a valid demand by the purchaser of a building, standing upon land, but not a fixture, that the purchaser should have with him the implements and appliances necessary for the immediate removal of the building, especially if the person in possession of the building refuses to give it up, on the sole ground that he owns it.

Tort, for the conversion of a building. Trial in the Superior Court, without a jury, before *Mason*, J., who found for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*N. Hatheway & J. M. Wood*, for the defendants.

*M. Reed*, for the plaintiff.

Colburn, J. The facts in this case are somewhat complicated; and, in determining the questions raised, it is desirable that we should state them as we understand them from the bill of exceptions.

Both parties appear to have assumed that Elizabeth Eastham was the owner of the building in question, as personal property, at the time she took a lease from Benjamin Hall of the land on which it stood, dated September 4, 1880, for the term of five years from June 29, 1880. The building was attached on March 17, 1881, on a writ of Matthew Fellows against said Elizabeth, to recover for labor and materials furnished in its construction; and, after judgment in that suit, the building was sold, on the execution which issued thereon, to the plaintiff in the case at bar, on February 18, 1882; and it was upon this purchase that the plaintiff relied for his title. No question was raised as to the regularity of these proceedings, if the building was the property of Elizabeth Eastham at the time of the attachment.

The defendants acquired title to the land upon which the building stood by a deed dated December 17, 1881, from one Kearnan, who had acquired his title through mesne conveyance from Benjamin Hall; but it was not contended that the defendants acquired any title to the building under these deeds. Their title to the building was acquired under a sale made of it, as personal property, by Hall, on January 14, 1882; and at this time they knew of the attachment.

In the late fall or early winter of 1880, the grade of the street having been raised by the city, it became necessary, for the advantageous use of the building, that it should be moved and raised. After the grade was raised, and before the building was moved, Elizabeth returned the lease of September 4, 1880, to Benjamin Hall, who moved the building back, and raised it up.

Elizabeth Eastham testified that she gave Hall the building to pay what she owed him. Benjamin Hall testified that he had taken possession of the building before he moved it back; that it was delivered to him in satisfaction of his debt; that, at the time it was delivered to him, or soon after, it was arranged with Mrs. Eastham to cancel the lease of September 4, 1880; that he thereafter continued in possession of the building until he sold the same to the defendants; but he also testified that he advanced the money to move and raise the building, because Mrs. Eastham did not have the money to do it; that the $584 which was due him from Mrs. Eastham included the cost of moving and raising the building; that Mrs. Eastham continued

to collect the rents as before, and that he permitted her to apply the rents to the payment of her debts to others. The question as to what was the real transaction between Mrs. Eastham and Hall was the principal question in the case.

After the plaintiff purchased the building, he informed the defendants of his purchase, and made a demand for the building. At the time of the demand, he was prepared to take immediate possession of the building, and move it as speedily as the defendants might desire; but he did not have with him the means and appliances for the immediate transportation of the building. The defendants refused to deliver the building, and told the plaintiff they had bought it.

The defendants contended that there was a sale and delivery of the building by Elizabeth Eastham to Benjamin Hall, or a delivery under the terms of the lease before the plaintiff's attachment; and that the plaintiff's demand was insufficient in law, because he did not have with him the implements and appliances for immediate transportation of the building; and asked the court to rule, as matter of law, that, upon the evidence, the action could not be maintained. This request was refused, and the court found, as a fact, that there was no actual sale of the building by Mrs. Eastham to Hall, nor any delivery of possession to Hall under the terms of the lease; and found for the plaintiff. The only exception taken by the defendants was to this refusal and finding.

What was the real transaction between Mrs. Eastham and Hall was a question of fact, to be determined by the judge, upon his view of the credibility of the witnesses, the consistency of their testimony as to the transaction with their subsequent dealings with the property, and all the evidence in the case; and we have no right to revise his finding. *Sheffield* v. *Otis*, 107 Mass. 282. *Backus* v. *Chapman*, 111 Mass. 386. Simply as lessor, while the lease continued, Hall had no right to sell the building, and no assent of Mrs. Eastham after the attachment could give him the right, as against the creditor. If Hall had assigned the lease to the defendants, so that they had succeeded to his rights as lessor, an entirely different question might have arisen.

It was not necessary, in order to make a valid demand, that the plaintiff should have taken with him the cumbersome

implements and appliances necessary for the removal of the building, especially as the defendants did not put their refusal upon the ground that he was not immediately prepared to remove it, but upon the ground that they owned it.

The defendants contended in argument before us, that the lien created by the attachment could not be held as against them, unless the building was removed within a reasonable time after they acquired their title to the land. But this question is not raised by the exceptions, and we have not considered it.

*Exceptions overruled.*