CITY OF BOSTON *vs.* INHABITANTS OF MOUNT WASHINGTON.

Suffolk. Nov. 13, 1884. — Feb. 27, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A person, who was assigned as part of the quota of a town in this Commonwealth, under the U. S. St. of July 4, 1864, § 8, although he was enlisted and mustered into the naval service of the United States several days before the beginning of the war of the Rebellion, was "duly assigned," within the meaning of the Pub. Sts. *c.* 83, § 1, *cl.* 11.

CONTRACT for expenses incurred in the support of Maurice Roach, a pauper, from December 8, 1881, to February 24, 1883. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows:

Maurice Roach was born in Kittery, in the State of Maine, and neither he nor his parents ever lived in the defendant town. On April 9, 1861, which was before the beginning of the Rebellion, he entered the naval service of the United States at Boston, being there duly enlisted and mustered in for the term of three years as a coal-heaver on board the steamship Minnesota. He was honorably discharged from the service on May 11, 1864.

The act of Congress of July 4, 1864, § 8, relating to navy credits, provides as follows: " That all persons in the naval service of the United States who have entered said service during the present rebellion, who have not been credited to the quota of any town, district, ward, or State, by reason of their being in said service and not enrolled prior to February twenty-fourth, eighteen hundred and sixty-four, shall be enrolled and credited to the quotas of the town, ward, district, or State, in which they respectively reside, upon satisfactory proof of their residence made to the Secretary of War."

Commissioners were appointed by the Secretary of War to ascertain what credits the State of Massachusetts, and the different subdivisions of the State, were entitled to under the U. S. St. of July 4, 1864, § 8. The instructions of the commissioners, given to their clerks to guide them in making assignments of men under the above act, were to copy the rolls

of the receiving ship, and to credit only those who had joined the service subsequently to April 13, 1861. After assigning to the different towns, districts, and wards, men resident therein, the commissioners distributed proportionately among said towns, districts, and wards, men to whom no town had proved a right, but who were nevertheless to be credited to the State at large.

In the above distribution, which was made in 1864, Roach was assigned as a part of the quota of the defendant town. The town had no knowledge of such assignment until the year 1878.

If Roach had a legal settlement in the defendant town at the time the expenses sued for in this action were incurred, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*A. J. Bailey & R. W. Nason*, for the plaintiff.

*G. Wigglesworth*, for the defendant.

HOLMES, J. Maurice Roach was assigned as part of the quota of the defendant town under the U. S. St. of July 4, 1864, § 8; but it is admitted, if competent, that he had been enlisted and mustered into the service of the United States about five days before the beginning of the Rebellion. The defendant argues that Roach was not properly credited to it under the above statute, and that therefore he was not " duly assigned as a part of the quota thereof" under the settlement law of this State. St. 1878, c. 190, § 1, cl. 10. Pub. Sts. c. 83, § 1, cl. 11. But we do not so understand the Massachusetts act. It was retroactive legislation, passed long after the war, when the towns had had the benefit of the assignments as actually made, getting the same benefit, it will be observed, whether the credit was right or wrong. The Legislature was under no obligation to provide for a hearing before thus distributing the burden; but it may have known that, at the time when the assignments were made, towns had ample opportunity to be heard, and were anxious to enlarge their credits as much as they could. We are of opinion, as has been intimated in former decisions, that, under the peculiar circumstances of this legislation, the words " duly assigned " must be taken to mean assigned in such form that the town had the benefit of the assignment, and not to be intended to reopen in every case the question of fact whether an assignment of many years before was proper, and thus to

make the ground of debate constantly larger with the progress of time. *Brockton* v. *Uxbridge*, 138 Mass. 292. *Sheffield* v. *Otis*, 107 Mass. 282, 285. *Bridgewater* v. *Plymouth*, 97 Mass. 382.

The words " after having been enlisted and mustered into said service," following the words " duly assigned as a part of the quota thereof," above quoted, cannot be strained to mean mustered into the service during the war, as argued. They only mark the antithesis between an enlistment and muster as part of the quota originally, and an assignment to the quota after the muster had taken place. *Judgment affirmed.*