THOMAS MURRAY *vs.* PATRICK RILEY.

Bristol.    Oct. 27, 1885. — Jan. 9, 1886.    FIELD & C. ALLEN, JJ., absent.

A., who held a first mortgage on certain premises, given by B., of which there had been a breach of the condition, paid a second mortgage on the premises, and also certain debts owed by B. for which his equity of redemption had been attached. B. then conveyed the premises, by a warranty deed absolute in form, to A., who gave to B. a bond conditioned to reconvey the premises to him upon the payment of a certain sum within one year. B. did not pay the sum named within the year, and, by an oral agreement between the parties after the expiration of the year, B. continued to occupy the premises, and paid a stated sum monthly to A. as rent, for five years, when A. gave him a notice to quit, in due form and duly served, for nonpayment of rent. *Held*, that A. could maintain an action on the Pub. Sts. *c.* 175, against B., to recover possession of the premises.

ACTION on the Pub. Sts. *c.* 175, to recover possession of certain premises in Somerset. Writ dated September 19, 1884. Trial in the Superior Court, without a jury, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

The defendant, on March 17, 1878, conveyed the premises in question to the plaintiff by a warranty deed in usual form, which was soon afterwards recorded. On the same day the plaintiff gave a bond to the defendant, conditioned to reconvey the premises to him upon the payment of a certain sum within one year,

which was recorded on February 27, 1885. After the execution of the deed and bond, the defendant continued in possession of the premises, except as hereinafter stated. In August, 1884, but after August 9, the plaintiff gave him a notice to quit, in due form and duly served, for nonpayment of rent. The writ in this action was brought after the expiration of the fourteen days mentioned in said notice.

The plaintiff testified as follows: "Riley did not comply with the condition of the bond. He never paid or tendered me the amount he was to pay. After the expiration of the year, I told him he could live there another year by paying as rent $6.25 a month. He agreed to pay that as rent. He did not pay the full amount that year. He paid in all that year $70. After that, the rent was cut down to $6 a month. He said it was enough, and paid it all along till last August. The rent day was the second Saturday of each month. He paid in July the rent up to then, and this was the last payment." Other witnesses testified to various payments of rent, between 1878 and 1884, by the defendant to the plaintiff.

It also appeared that, before the deed was given to the plaintiff, he held a first mortgage of $600 on the estate in question, and one Brannon a second mortgage of $40; that the defendant owed sundry debts for which his property was attached; that a default in the condition of the plaintiff's mortgage had arisen; that, at the time the defendant gave the deed, and as part of the consideration thereof, the plaintiff paid the second mortgage and said debts.

It also appeared in evidence, that, in 1882, the plaintiff made an addition to the house at the expense of $520, thus making an additional tenement in the house, which he rented, and received the rent for afterwards. The property was always taxed to him, and was insured by him at his own expense. The defendant testified that the amounts paid by him were paid as interest, and denied that he agreed to pay rent. If the deed and bond constituted a mortgage, there was no evidence of any foreclosure thereof.

Upon this evidence, the defendant asked the judge to rule that the deed and the bond constituted a mortgage; that, as there never had been any foreclosure of the same, the parties still

stood in the relation of mortgagor and mortgagee; and that, the mortgagee never having been in actual possession of the premises, this action could not be maintained.

The judge declined so to rule; and found as facts: 1. That the transaction of March 17, 1878, relative to the deed and the bond, was not intended by the parties to operate as a mortgage, and the deed absolute in form was not intended for a deed of defeasance. 2. There was a parol contract between the parties at the expiration of the year mentioned in said bond, by the force of which the defendant became and was tenant at will of the plaintiff of the premises in question, and the recognized relation of landlord and tenant existed between the parties up to and at the date of the writ.

The judge found and ordered judgment for the plaintiff; and the defendant alleged exceptions.

*J. W. Cummings & T. F. McDonough*, for the defendant.

*J. M. Morton & A. H. Hood*, for the plaintiff.

DEVENS, J. The Superior Court having found as a fact that the deed and the bond to reconvey were not intended to, and did not, constitute a mortgage, such finding will not be here revised, unless, as matter of law, it could not properly have been made. *Sheffield* v. *Otis*, 107 Mass. 282. *Edmundson* v. *Bric*, 136 Mass. 189.

Whether the transaction by which the defendant conveyed to the plaintiff the premises in question, receiving in return an agreement to reconvey on the performance of a certain condition, was a mortgage or a sale, depended on the intention of the parties, to be ascertained from the whole character of the transaction, as well as from the expressions in the instruments themselves. Undoubtedly those expressions might be so clear in the conveyance as to leave nothing for construction, as if the whole contract had been embraced in an ordinary mortgage deed, with the usual provisions, showing that such conveyance was in truth only security for a loan. Where it appeared from an instrument, executed contemporaneously between grantor and grantee, that the grantor had a right to "redeem" the estate, and agreed to "refund" the money advanced, it was held to be necessarily a mortgage. *Bayley* v. *Bailey*, 5 Gray, 505. Where it was agreed that, if the party entitled to reconveyance should fail to

pay at the time specified, the deed should be absolute, "with no further right of redemption," it was also held that the intent to make a mortgage was clear, as a right of redemption necessarily implied that a mortgage interest was all that was conveyed. *Murphy* v. *Calley*, 1 Allen, 107.

Where language is not explicit, and does not control the circumstances attending the transaction, it is competent to determine from them, and the expressions used in regard to them, what the intention is. Conversely, it may thus be shown that a deed absolute in form is really a security for a loan. *Flagg* v. *Mann*, 14 Pick. 467, 480. *Campbell* v. *Dearborn*, 109 Mass. 130, 141. *Hassam* v. *Barrett*, 115 Mass. 256.

The plaintiff in the case at bar had held an earlier mortgage on this property; the defendant had made a second mortgage thereon to another person, and owed debts for which his equity of redemption was under attachment. The second mortgage and these debts were paid by the plaintiff. The deed was then made to the plaintiff, who, on the same day, gave the bond to reconvey on payment of a specified sum. There was no agreement by the defendant to pay the money for reconveyance, nor are there any expressions to be found in the bond which indicate that there was any loan of money for which the deed was held as security. Where the intent that a transaction shall constitute a mortgage is not clear, the fact that there is no collateral undertaking to pay the money is important. As, in such case, the holder of the estate must bear the loss if property depreciates, it is equitable that he should have the profit arising from any subsequent advance in the value of the estate, if the terms of the bond are not complied with.

The court might properly have found that the transaction as to the deed and bond was not intended to, and did not, operate as a mortgage.

But if the transaction could have been treated as a mortgage, the finding of the court in favor of the plaintiff was still correct. Even if the only title of the plaintiff was that of mortgagee, it was proved that the defendant became his tenant at will at the expiration of the time mentioned in the bond, and agreed to pay, and did pay, rent for the premises, and that the relation of landlord and tenant existed between them at the date of the writ;

and, further, that a formal notice to quit for nonpayment of rent had been served on the defendant. There was nothing inconsistent between this relation and that of mortgagor and mortgagee. If any part of the mortgage debt remained due, the mortgagee would take the rents recovered in trust for, and to apply towards, its payment. Whether, in the absence of any agreement for payment, the mortgagee may maintain an action against the mortgagor for use and occupation of the mortgaged premises, has been doubted, but that he may maintain such an action upon a contract to pay therefor has not been questioned. *Morse* v. *Merritt*, 110 Mass. 458.

Upon the findings that the relation of landlord and tenant existed, and that the proceedings necessary to eject a tenant for nonpayment of rent had taken place, judgment was properly rendered for the plaintiff.                          *Exceptions overruled.*