CITY OF FALL RIVER *vs.* CITY OF TAUNTON.

Bristol.     October 24, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Pauper — Soldier — Minor — Military Settlement.*

Under the Pub. Sts. c. 83, § 1, cl. 11, a soldier, who was a minor at the time he en-
listed into the military service of the United States during the late civil war as
a part of the quota of a city or town, acquired, together with his wife or widow
and minor children, the same settlement therein as if he had been of full age at
the time of his enlistment.

CONTRACT.    The declaration alleged that Edwin R. Burr on
March 1, 1864, being then eighteen years old, enlisted in Com-
pany E, 58th Regiment Massachusetts Volunteers, and was duly
mustered into the military service of the United States during
the late civil war, to the credit and upon the quota of the de-
fendant city, and served until he was honorably discharged on
July 14, 1865 ; that Edwin R., whose present residence was in
New Bedford, had never otherwise gained a settlement within
this Commonwealth ; that Orianna Burr, who was married to
Edwin R. in 1864, was on April 24, 1888, committed to the
lunatic hospital located in the defendant city as an insane
pauper ; that she was at the time of her commitment residing
in Fall River, and had resided there more than five years con-
tinuously since she became twenty-one years of age ; that the
plaintiff was called upon to pay, and did pay on August 8, 1888,
the sum of $31.57 for the support of Orianna at such hospital ;
that the plaintiff gave the defendant due notice of such pay-
ment, and of its claim that Orianna had a legal settlement in
the defendant city, but the defendant denied that Edwin R. had
ever gained a settlement therein, and that the defendant owed
the plaintiff $31.57, with interest thereon.

The defendant demurred to the declaration, on the ground
that it did not set forth a legal cause of action.    The Superior
Court overruled the demurrer, and the defendant appealed to
this court.

*A. M. Alger*, for the defendant.

*J. F. Jackson*, for the plaintiff.

KNOWLTON, J. If the husband of the pauper gained a settle-ment by his enlistment and service as a soldier upon the quota of the defendant city in the late civil war, the demurrer must be overruled.

It has undoubtedly been a part of the wise and humane policy of the Commonwealth, in its legislation for the relief of pau-pers, to prevent, so far as possible, the compulsory separation of members of a family. A wife follows the settlement of her husband, and legitimate children follow the settlement of their father if he has any in the State, and if he has none they follow that of their mother, if she has any. Pub. Sts. c. 83, § 1. The St. of 1865, c. 230, which first created military settlements, was passed when there were many soldiers in the State who had not attained their majority, and it recognized this policy by limiting its provisions to persons who were at the time of enlistment of the age of twenty-one years. It also contained an exception of those who had not resided in the city or town six months next previous to the time of entering service. It further provided, that a person who by reason of want of age or residence should not be entitled to a settlement under the act should nevertheless be entitled, for himself, his wife or widow, or minor children, to support in the city or town, if they should fall into distress therein, and should not be sent thence to the State almshouse, nor removed to any other place.

The St. of 1870, c. 392, §§ 3, 5, 6, repealed the former legis-lation upon this subject, and substituted the same law, with the exception of the provisions as to age and inhabitancy and the provision last above stated, and with a clause including persons who served on the quota of the Commonwealth but not on the quota of any city or town. At the time of the passage of this act, the war had been ended more than five years, and there were very few, if any, who had served a year in the war, who had not attained their majority. We think the omission by the Legislature of the original provisions in regard to minors was for the purpose of making a material change in the statute, and of including a large class who had become of full age, and who were not included in the former statute because many of them were then minors. The extension of the liberal provisions of the law by the St. of 1871, c. 379, § 2, and the re-enactment of

the St. of 1878, c. 190, in the Pub. Sts. c. 83, § 1, cl. 11, confirm this opinion. Since the passage of the St. of 1870, c. 392, soldiers who were minors at the time of enlistment are entitled to the same benefits under this law as if they had been of full age.                              *Demurrer overruled.*