MAURITZ SCHENDEL *vs.* JAMES STEVENSON.

Suffolk.    January 15, 1891. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Trial by Judge without a Jury — Findings of Fact — Agency —*
*Undisclosed Principal.*

The findings of fact, in a case tried by a judge without a jury, are not open to revision, even if all the evidence is stated; but this court may determine, upon exceptions or other suitable proceedings, whether such findings were warranted by the evidence, under the rules of law applicable to the case.

In an action, tried without a jury, to recover from the defendant, as an undisclosed principal, for goods sold and delivered to his agent, the judge refused to rule, upon conflicting evidence as to the agency, that the defendant was not liable on the facts proved or if the agent did not represent himself as such, and that he would not be liable for goods sold to the agent before as well as after the plaintiff learned that he was the principal and had discharged the agent; but ruled that the plaintiff was entitled to recover for the goods so sold before he knew those facts, and found for him for the amount then due. *Held,* that the defendant had no grounds of exception.

CONTRACT for goods sold and delivered. Trial in the Superior Court, without a jury, before *Lathrop*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff sought to recover against the defendant as an undisclosed principal. The defendant was the lessee of a hotel in Boston, of which from April to September, 1888, one Palfrey was

the manager and apparent proprietor.   The plaintiff, a dealer in cigars, sold a table and cigars to Palfrey, and charged them on his books to him, crediting him with various amounts paid on account.  The goods were resold by Palfrey in the defendant's hotel, excepting the table, which at the time of the trial was in the possession of the defendant.   Palfrey testified that he did not enter the hotel under a contract of agency with the defendant, but with the intention of becoming proprietor, and that the defendant had agreed to assign to him the lease of the premises; that in all his dealings with the plaintiff he had represented himself to be the proprietor of the hotel; and that he bought the goods for his own benefit as such proprietor.   The defendant testified that about July 1, 1888, he requested Palfrey to render an "account," and, upon Palfrey's refusing so to do or to pay him any more money, tried to get him to leave the hotel; and that about the middle of August following he ejected Palfrey from the hotel by force.   There was evidence that Palfrey then brought a bill in equity against the defendant asking for specific performance of his alleged contract for the assignment of the lease of the hotel, and that Palfrey, failing to get an injunction to restrain the defendant from assigning the lease to any one else, gave up the possession of the hotel, upon being paid some money, near the close of September.   The defendant admitted that, at the hearing upon the bill in equity, he testified that Palfrey entered the hotel as his manager and agent, and that he never gave him authority to act in any other capacity.   The plaintiff testified that he believed from the representations of Palfrey that he was the proprietor of the hotel, and knew nothing to the contrary until August, at the hearing above mentioned.   The plaintiff sold goods to Palfrey on August 25 and September 1, 1888, charging them to him in the same account with the goods previously sold and charged to him.

The defendant asked the judge to rule as follows:  "1. The defendant is not liable, on the facts proved.  2. That if Palfrey did not make the purchase of goods declared on in fact in the exercise of his authority as agent, and did not represent himself as agent, the defendant is not liable.  3. If the court finds that the plaintiff charged the goods to Palfrey, believing him to be the principal, yet, after finding out the principal, and learning

for certain that Palfrey had been discharged as an agent, if he had ever been one, if he still continued to sell Palfrey after such knowledge, and charge Palfrey in the same account as before, the defendant is not liable for the goods sold after such knowledge, or for those sold before. 4. As the principal was undisclosed, if any, the plaintiff could not charge the defendant after the agency had terminated to the knowledge of both Palfrey and the defendant."

The judge refused to rule in accordance with the first, second, and third requests, the second because of the words "and did not represent himself as agent," but adopted the fourth ruling requested, and made the following findings of fact. In July, August, and September, 1888, the plaintiff was a dealer in cigars, and the defendant was the proprietor of a building in Boston known as the International Hotel. In April, 1888, the defendant placed one George W. Palfrey in charge of said hotel, as his agent and manager. Palfrey continued to act as such agent and manager until some time in September, 1888. The contract for the goods, the price of which is sought to be recovered in this action, was made by an agent of the plaintiff with said Palfrey, and the goods, consisting of cigars and a table, were delivered to him, and were charged to him on the plaintiff's books of account. The cigars were bought to be resold to the guests of the hotel, and the table to be used in the smoking-room of the hotel. Until August 28, 1888, the plaintiff's agent supposed said Palfrey to be the proprietor of the hotel. On the day last mentioned, said agent ascertained that the defendant was the proprietor, and that Palfrey was his agent and manager.

The judge ruled, "that the plaintiff is entitled to recover for the goods sold prior to August 28, 1888, after deducting the credits set forth in said declaration, and allowed interest from the date of the writ on said balance," and found for the plaintiff; and the defendant alleged exceptions.

*W. H. Brown*, for the defendant.

*M. R. Thomas*, for the plaintiff.

MORTON, J.   The plaintiff seeks to hold the defendant, as an undisclosed principal, for certain goods sold and delivered to his agent.   The case was tried in the court below by a single judge, without a jury, and the finding was in favor of the plain-

tiff. The case comes here on exceptions to the ruling of the judge, that the plaintiff was entitled to recover for goods sold prior to August 28, 1888, and to his refusal to adopt certain rulings which the defendant requested. The evidence introduced at the trial, as well as the findings of fact made by the presiding judge, appear in the bill of exceptions. It is well settled that even where the evidence on which they are based appears in the bill of exceptions, findings of fact made by the court below upon a trial without a jury are not open to revision in this court; in such a case, it is only the question of the correctness of the rulings and decisions of the court in matters of law which is open here. *Fitchburg Railroad* v. *Freeman*, 12 Gray, 401. *Sheffield* v. *Otis*, 107 Mass. 282. *Backus* v. *Chapman*, 111 Mass. 386. *Turner* v. *Wentworth*, 119 Mass. 459, 464. *Edmundson* v. *Bric*, 136 Mass. 189. This court may determine, however, upon exceptions or other suitable proceedings, whether the findings of fact were warranted, under the rules of law applicable to the case, by the evidence before the trial court. *Worthen* v. *Cleaveland*, 129 Mass. 570, 574. *Fernald* v. *Bush*, 131 Mass. 591.

The judge who tried this case found that, in April, 1888, the defendant placed one Palfrey in charge of a hotel as his agent and manager, and that Palfrey continued to act as such till some time in the following September. He also found that the contract for the goods in suit was made by the plaintiff's agent with said Palfrey, to whom the goods were delivered and charged, and that until August 28, 1888, said agent supposed Palfrey to be the proprietor of the hotel, and then learned for the first time that the defendant was the proprietor, and Palfrey his agent or manager; and the court ruled " that the plaintiff is entitled to recover for the goods sold prior to August 28, 1888, after deducting the credits set forth in said declaration, and allowed interest from the date of the writ on said balance."

It is clear that, taking the facts as found by the court, there was no error in this ruling. The law as to the liability of an undisclosed principal upon such or similar facts is too well settled to need discussion or the citation of authorities.

Nor can we see that the findings of fact were the result of any error in the application by the court of the proper rules of law to the case before it. The question was whether Palfrey was or

was not the agent of the defendant. Both the defendant and Palfrey testified in a manner strongly tending to show that the latter was not the agent of the former. But whether Palfrey went in under a contract with the defendant that the lease should be assigned to him, and with the expectation of conducting the hotel as its proprietor, or whether he went in as the agent and manager of the defendant, was a question of fact for the court, under all the circumstances as they appeared in evidence. The defendant asked for no ruling as to what was necessary to constitute the relation of principal and agent between the defendant and Palfrey. Apparently he relied on the claim that upon all the testimony the court was not justified, as matter of law, in finding that Palfrey was the agent of the defendant. But there was some evidence tending to show that he was; and in the conflict of evidence it was for the court to decide what degree of credit should be given to the testimony of the defendant and of Palfrey. We are bound to assume, in the absence of anything to the contrary, that the court, in coming to the conclusions to which it did come, correctly applied to the case before it the principles of law necessary to constitute the relation of principal and agent between the defendant and Palfrey.

Some rulings asked for by the defendant remain to be considered.

First, "The defendant is not liable, on the facts proved." This has already in effect been considered, and was rightly refused.

Secondly, "That if Palfrey did not make the purchase of goods declared on in fact in the exercise of his authority as agent, and did not represent himself as agent, the defendant is not liable." The court rightly refused to rule as thus requested. It is evident from the statement in the bill of exceptions that the judge who tried the case treated this request as requiring that it should appear not only that Palfrey was acting as the defendant's agent, but also that he represented himself as the defendant's agent. It was not necessary that Palfrey should represent himself as the defendant's agent in order to render the defendant liable. If he was in fact the agent of the defendant, it was immaterial whether he represented himself as such or not. If this could be stricken out of the request, then the answer would be to the request as thus modified, that the court found as a fact that the goods were

sold and delivered to Palfrey while he was the agent of the defendant, and as such agent.

The third request was open to objection because it asked the court to rule that, if the plaintiff, after ascertaining the name of the principal, and learning that Palfrey had been discharged as agent, continued to sell to Palfrey, the defendant would not be liable for the goods so sold, nor for those sold before the plaintiff acquired such knowledge. The fact that the plaintiff continued, if he did continue, to sell goods to Palfrey after the agency was terminated, could not prevent him from recovering from the defendant for goods sold while the agency did in fact exist.

The fourth instruction requested was adopted by the court.

*Exceptions overruled.*