Crocker *v.* Crocker.

GEORGE CROCKER, *app't from a decree of the Judge of Probate,*

*versus*

OLIVE W. CROCKER AND ALS.

On appeal from a decree of a Judge of Probate to the Supreme Court of Probate, the facts and all matters of mere discretion are to be determined by the Judge, sitting at *Nisi Prius*; and his judgment thereon is final and conclusive upon all parties.

If upon facts found by him a question of law arises, his decision is subject to exceptions to be heard before the full court.

Where no exceptions have been taken to any ruling of the presiding justice, the case is not properly before the full court.

REPORTED by HATHAWAY, J.

An appeal was taken from a decree of the Judge of Probate in the county of Washington, accepting the report of commissioners appointed by said judge, to make partition of the real estate of Simeon Crocker deceased, among said Crocker's heirs.

The case comes before the full court on report of the facts submitted by agreement of the parties, but no determination was made at *Nisi Prius* by the presiding judge.

*George Walker,* counsel for the plaintiff.

*George F. Talbot,* counsel for the defendants.

APPLETON, J.   By the provisions of the act of 1852, chap. 246, sec. 13, " All appeals from the decrees of the Judge of Probate, except such as by law are tried by a jury which shall be tried as heretofore, and all petitions for a review may be heard and determined by the presiding justice, at any term held for the trial of jury causes, subject to exceptions to any matter of law by him so decided and determined."

The object of this section was to submit to the judgment of the presiding justice all matters of fact and of discretion, and that his judgment thereupon should be final and conclusive upon all parties.   If upon facts found by him a question of law should arise, his decision thereof was to be subject to exception.   This court sitting in banc, is thus relieved from the investigation of fact, and the parties litigant have all matters of fact or discretion arising upon appeal determined more speedily and at less expense.   Moody v. Larrabee, 39 Maine R., 282.

The present case illustrates the expediency of the course prescribed by the statute.   The inequality, inconvenience and incompleteness of the division by the commissioners are severally alleged as the reasons of the appeal taken.   Those several reasons, so far as dependent upon the ascertainment of fact, belonged exclusively to the presiding judge, and could be tried and determined in the county in which the appeal is pending with greater convenience to the parties than elsewhere.

It is insisted that the return of the commissioners, which is signed but by two, does not show that the third commissioner was notified or present.   If, in fact, he was notified and present, but dissented from the partition made by his associates, any defect in their return may be cured by an amendment.   If he was neither notified nor present the report should be recommitted.   Jackson v. Hampden, 16 Maine R., 184; Jackson v. Hampden, 20 Maine R., 37.

As no exceptions have been taken to any ruling of the presiding justice, the case is not properly before us.   All questions of fact and all matters of mere discretion are to

Crocker *v.* Crocker.

be settled at *Nisi Prius,* and not here. The result is that the cause must be dismissed from the docket of this court and remanded to the county in which it is pending for further hearing, and for such disposition as the legal rights of the parties may require.

*Dismissed from this docket.*