## MURRAY V. WELLS.

1. **Practice in Supreme Court**: JUDGMENT: EVIDENCE TO SUPPORT. A judgment will not be reversed for want of evidence to support it, unless there is such absence of proof as to authorize the conclusion that the judgment was the result of passion or prejudice.

2. ———: ERROR WITHOUT PREJUDICE. · A judgment will not be disturbed for an error in the admission of testimony that works no prejudice.

*Appeal from Jefferson Circuit Court.*

SATURDAY, OCTOBER 22.

ACTION upon an account. The defendant in her answer denies that she is indebted to plaintiff upon the account in any sum, and alleges that a part of it is for a debt of another, for which she is not liable. The cause was tried to the court without a jury and judgment was rendered for plaintiff. Defendant appeals.

*Culbertson & Jones*, for appellant.

*Slagle & McCrackin*, for appellee.

BECK, J.—The evidence discloses that plaintiff is the assignee of Wells, Stever & Averill, appointed subsequently to the death of Wells; that defendant is the widow of Wells, and that the account is for goods obtained by her from the firm after his death and before the appointment of the assignee, and for goods furnished to one Stoneburner, and charged to her. Defendant insists that the goods were not obtained by her upon her own account, but should be charged to the account of her deceased husband, one of the co-partners of the firm of Wells, Stever & Averill, and that she never assumed the payment for the goods sold to Stoneburner.

II. Defendant insists: 1. That the judgment is not supported by the evidence. Six out of seven errors assigned are directed to this objection. 2. That the court erred in admitting in evidence the books of account of the firm. This objection is raised by the first error assigned. The objection that the judgment is not

supported by the evidence is disposed of upon the ground that the evidence is conflicting. Plaintiff's testimony tended to show that the goods obtained by defendant were purchased on her own account, and charged to her with her assent, and under her direction. The goods sold to Stoneburner, plaintiff's evidence also tends to show, were with defendant's assent and knowledge, and upon her request charged to her. Defendant, by her own testomony, contradicts plaintiff's evidence upon these points. The evidence being conflicting we cannot disturb the judgment of the Circuit Court. To authorize us to reverse the judgment on the ground of want of evidence for its support, there must be such absence of proof as to authorize the conclusion that the decision of the Circuit Court was the result of passion or prejudice. Nothing of the kind can be claimed in this case. Decisions to this effect are numerous and found in every volume of our reports. They need not be here recited.

III. The defendant insists that the court erred in admitting the books of the firm in evidence. It does not clearly appear from the abstract that these books were admitted. *2 —— : error without prejudice.* But if it be conceded that they were admitted, and that their admission was erroneous, it clearly appears that the error was without prejudice, for defendant in her own testimony admits the items of the account charged against her to be correct. The books tend to establish no other facts. Defendant, by her own testimony, shows conclusively that no possible prejudice could have resulted to her from the admission of the books. We do not disturb judgments for errors that work no prejudice.

No other questions are presented in the case.

AFFIRMED.