JOHN M. GIFFEN v. NORA JOHNSON *et al.*, *by their guardian S. H. Ayers.*

ALLEGED ERRORS, *When Not Errors.* Where alleged errors rest upon matters of fact passed upon by the trial court in making its findings of fact, and there is some proper evidence to support all of said findings, there is no error.

*Error from Johnson District Court.*

ACTION to recover certain lots in the city of Olathe. Judgment for plaintiffs, *Johnson* and another, at the January term, 1888. The defendant *Giffen* brings the case here.

*A. Smith Devenney*, for plaintiff in error.

*F. R. Ogg*, and *S. T. Seaton*, for defendants in error.

Opinion by STRANG, C.: Action for the recovery of the possession of certain lots in the city of Olathe, and for rents and profits. Answer, general denial, coupled with special matter alleging that the defendant below and his wife executed to H. C. Johnson, father of Nora Johnson and John M. Johnson, a deed conveying to him the legal title to the lots described in plaintiffs' petition, and delivered the same to one William Maxwell, in escrow, to be delivered to said H. C. Johnson on his compliance with the conditions of a contemporaneous written contract between the parties to said deed, which contract was placed in the custody of said Maxwell for safe-keeping until the conditions thereof were performed; that the conditions of said contract were never performed by said H. C. Johnson, but that the said deed was delivered by said Maxwell to said Johnson the same day it was executed, in violation of the said agreement for him to hold it until the conditions of the accompanying contract were performed; and that the name of the grantee in said deed had been changed from H. C. Johnson to M. J. Johnson. For a third defense, defendant alleges that more than three years have elapsed since a right of action accrued to the several ancestors of the plaintiffs for rents and profits, and before the commencement of this suit. Fourth, that more than three years have elapsed since the right of action accrued unto the plaintiffs for rents and profits before the commencement of this action. Fifth, that more than fifteen years have elapsed since a right of action accrued unto the several ancestors of the plaintiffs, as well as the plaintiffs, and before the commencement of this action. To this answer plaintiffs replied by general denial, and by specially denying the execution of the contract set up in defendant's answer. Trial by the court, which made the following findings of fact and of law, upon which the court entered judgment for the plaintiffs for the re-

covery of the possession of the lots, and for $21 rents, and for costs. Motion to set aside the findings of fact and of law, and for a new trial; motions overruled, and the rulings excepted to.

### FINDINGS OF FACT.

"1. Plaintiffs are children and sole surviving heirs of H. C. Johnson and his wife Martha J. Johnson, now deceased.

"2. H. C. Johnson died about the last of October, 1884, and Martha J. Johnson his wife died about five years before her husband.

"3. The plaintiffs are minors; the plaintiff, Nora Johnson, being 16 years of age, aud John M. Johnson, 14 years of age.

"4. S. H. Ayers was duly appointed guardian of the estate of said minors, by the probate court of Johnson county, Kansas, on the 14th day of November, 1884, and is still acting as such guardian.

"5. On the 18th day of March, 1870, John M. Giffen and Kate P. Giffen his wife, of the first part, and said H. C. Johnson, entered into a written contract, the terms of which were in substance as set out in defendant's answer; and said Giffen and wife then executed a deed to H. C. Johnson to said lots 1, 2, 3, 4, 5, 6, 7, 9, and 10, in block 25, in the city of Olathe, Johnson county, Kansas, and acknowledged the same before F. E. Henderson, which contract and deed were delivered to W. E. Maxwell, of said county, to be held in escrow until said Johnson should comply with the conditions of said contract. Said Johnson never complied with the conditions of said contract of sale, and said deed was never delivered to him, and no title passed by said conveyance to said Johnson.

"6. Afterward, and on said 18th day of March, 1870, said John M. Giffen and Kate P. Giffen his wife executed the warranty deed to said Martha J. Johnson, offered in evidence, which deed was duly acknowledged on the same date by said grantors before one A. Smith Devenney, a notary public, of said Johnson county, duly delivered, and at 6 P. M. of said 18th day of March, 1870, placed upon record in the office of the register of deeds of said Johnson county.

"7. The defendant is in the possession of said premises above described, and has detained said premises from the possession of plaintiffs for the three years last past; and said premises are of the annual rental value of $7."

CONCLUSIONS OF LAW.

"1. The plaintiffs are the owners in fee of the premises in controversy, and entitled to the immediate possession of the same.

"2. Defendant unlawfully detains said premises from the possession of plaintiffs, and has so detained the same for the three years last past, to the damage of plaintiffs in the sum of $21."

The plaintiff by his counsel assigns numerous errors, but relies in his brief upon but two classes of errors: First, and principally, that the evidence does not support the findings of fact and of law; second, that error occurred at the trial through the admission of improper evidence, prejudicial to the rights of the defendant below. The trial court, in its sixth finding of fact, finds that the deed offered in evidence by the plaintiffs below, and on which they relied to establish their title to the lots in controversy, was executed by the defendant below and his wife, and delivered by them to H. C. Johnson on the same day, but later in the day, on which the deed and contract left in escrow with William Maxwell were executed; and that the deed to Martha J. Johnson conveyed the absolute title to said lots, in fee simple, to Martha J. Johnson. The principal question then in the case is, whether the above finding of fact is so supported by the evidence that this court may not disturb it. We think it is. It is the law of this court, as appears by a long line of its decisions, that where the verdict of a jury has received the approval of the trial court, and there is any proper evidence to support such verdict, this court will not disturb it, nor a judgment resting thereon. So where a case is tried by the court without a jury, and the trial court has made findings of fact, and rendered judgment thereon, if there is any proper evidence to support such findings of fact, this court will not set such findings and the judgment rendered thereon aside. We believe the court was right on the evidence in finding that two deeds were made. We do not see how the theory of the defendant below, that there was but one deed made, and that one to H. C. Johnson as grantee,

can be reconciled with the fact that the deed produced in evidence had the name of Martha J. Johnson written therein in three different places, and no allegation that any change had been made in the name of the grantee in said deed, except in one place—the place where it was first written in said deed. If but one deed was made, and we concede that the name of the grantee had been changed from H. C. Johnson to Martha J. Johnson, where the deed showed the name Martha J. Johnson, written over other words, how can the fact that in both the other places where the name of the grantee appears in said deed it is written Martha J. Johnson, be explained consistently with the allegation that said deed was made to H. C. Johnson ? If but one deed was made, and that was made to H. C. Johnson as grantee, how can it be explained that wherever in said deed the pronoun is used to represent the grantee it is in the feminine instead of the masculine gender ? Miss Giffen, sister of the plaintiff, and Davis, his hired man, both testify that the deed made at the house in the morning, and which was delivered to Maxwell at the gate together with the contract, was acknowledged before F. E. Henderson, while the deed offered in evidence by the plaintiffs below was acknowledged before A. Smith Devenney. If Miss Giffen and Davis are correct about the deed delivered to Maxwell being acknowledged before Henderson, of course there were two deeds. Whether they are correct or not, their evidence is in the case, and directly supports the finding of the court that there were two deeds, and is sufficient of itself to uphold such finding. But we believe there were two deeds for other reasons. One deed was executed at Giffen's house in the morning, and witnessed at the gate in front of Giffen's house. It was then, together with the contract set up in defendant's answer, placed in escrow with William Maxwell. Then, as Miss Giffen testified, Giffen, Johnson and Maxwell all went up town together. We believe that afterward, while the parties were still together, the same day, some new agreement was entered into between Giffen and Johnson, and a new deed was made, and the deed and contract in the hands of Max-

well were withdrawn and destroyed.   This theory is supported by the fact that though diligent search was made by Maxwell's son, into whose hands his father's private papers fell after his death, he never found the deed or contract left with his father in escrow.   Nor did the administrator of the estate of Johnson, or the guardian of his minor children, ever find either the deed or contract among the papers of Johnson.

Again, the law presumes men are honest and faithful to their trusts, and therefore the presumption is that Maxwell acted honestly with reference to the trust reposed in him by the parties when they left the deed and contract with him in escrow; that he did not surrender the deed left with him to Johnson to be put on record in violation of the condition of the accompanying contract, and in violation of his trust.   This presumption, and the fact that the contract was never found among the papers of Maxwell, and the further fact that its condition was never performed by Johnson, and therefore the deed could never have been honestly delivered by Maxwell, unless withdrawn by the joint action of the parties, taken in connection with the other proof that there were two deeds, satisfies us that the finding of the court is not only supported by the proof, but that such finding is right.   But however this may be, there is certainly sufficient evidence to uphold the finding of the court, under the well-settled rule of this court in relation thereto.

It is contended by the plaintiff in error that the deed introduced in evidence by the plaintiffs below had been mutilated; that the name of the grantee in one place had been changed from H. C. Johnson to Martha J. Johnson.   On the other hand, the plaintiffs below deny that such change had been made in said deed, and allege that at the place in said deed where the defendant below claims the deed had been altered, the deed showed that the words "party of the second part" had been written in the deed to represent the grantee, and that afterward the words "Martha J. Johnson" were written over the words "party of the second part" without any erasure at all, and for the purpose of naming the grantee.   The fact that

in both the other parts of the deed where the name of the grantee occurs, it is written Martha J. Johnson, seems to sustain the allegation of the plaintiffs below upon this point. That being the case, and the trial judge who had the deed before him for examination having resolved the question in favor of the admission of the deed, we will not undertake to say the court erred in so doing.

There is nothing in the so-called expert testimony of Little that is prejudicial to the rights of the defendant below, when we take into consideration that the body of the deed offered was in Giffen's handwriting, and that the remainder of the deed and other proof showed the deed had not been altered, but was made to Martha J. Johnson.

We do not think there is anything in the defenses involving the statutes of limitation, and indeed they are not referred to in plaintiff's brief.

We are satisfied there is no reversible error in this case, and therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.