ISAAC HAHN *vs.* BILLINGS BROTHERS.

When the parties to a cause waive the right of trial by jury and submit the case both as to the law and as to the facts to the decision of the judge, under Pub. Stat. R. I. cap. 213, § 9, the findings of fact made by the judge will not be reviewed by this court if there is any evidence to support them.

By waiving their right to have the question of fact determined by a jury, the parties also waive their right to have the findings of fact reviewed.

DEFENDANTS' petition for a new trial.

*April* 16, 1894.   TILLINGHAST, J.   This is a petition for a new trial on the grounds that the judgment of the court below is against the evidence and the weight thereof, and that the amount of said judgment is excessive.   The action was *assumpsit* and was brought to recover damages sustained by the plaintiff who was a tenant of the defendants, by reason of the making of alterations and repairs to the building occupied by the plaintiff, whereby his business was interrupted and injured, the declaration alleging that the defendants in consideration that the plaintiff would permit them to enter upon the premises and make said alterations and repairs, promised to pay him any and all damage or loss which he might sustain by reason of the making thereof. Jury trial having been waived,[1] the case was heard and tried in the Court of Common Pleas, at the June Term thereof, 1892, before Mr. Justice Rogers, who rendered the following decision, viz.:  "There is a great conflict of testimony in this case, and I am not satisfied that the plaintiff by a preponderance of proof is entitled to recover on account of the elevator for alteration.   In regard to the damage caused by the removal of the roof and the erection of additional stories, however, I am satisfied from a preponderance of evidence, both that the defendants promised, and that the plaintiff sustained damage from injury to stock by water, from con-

---

[1] Under Pub. Stat. R. I. cap. 213, § 9, as follows :

SEC. 9.   In all actions or suits which shall be pending before any court, the parties therein may waive the right of trial by jury, and in such case the court shall hear, try and determine the said case, both as to the law and as to the facts, and render judgment therein.

sumption of extra gas, and from stoppage of and injury to machinery. Judgment for plaintiff for $996.12 and costs."

In this state of the case plaintiff's counsel takes the point that this court will not review the findings of the court below, and no question of law being involved, that the petition for a new trial should be dismissed. We think the point is well taken. The practice of this court has uniformly been to refuse to disturb the judgment of the Court of Common Pleas in cases of jury trial waived where there is any evidence to support the finding. By submitting their case to the court in this way, the parties voluntarily select their tribunal, a tribunal which by reason of its training, skill and experience, is especially fitted carefully to weigh and consider all the evidence offered, and having so selected it we see no reason why they should not be bound by its decisions as to questions of fact. Such submission practically amounts to a reference, so far as the finding of facts is concerned, and it is well settled that the findings of a referee as to all matters submitted to him, without reservation, are binding and conclusive upon the parties. *Cutler* v. *Wall*, 9 R. I. 264. But counsel for defendants contends that the same rule ought to prevail in a case where the court hears and determines questions of fact as obtains in a case where the questions are submitted to a jury. And in this connection, he argues that the court below cannot be assumed to be infallible as to its findings of fact, when its findings of law can be reviewed and reversed, and hence the party against whom its decision is rendered upon questions of fact should also have the right to the judgment of another tribunal upon the sufficiency of the testimony.

There are cases which hold that the decision of a judge upon questions of fact in cases where jury trial is waived, should have the same weight in the appellate court as the verdict of a jury, and no more. *Pearson* v. *Minturn*, 18 Iowa, 36; *Handlan* v. *McManus*, 100 Mo. 124; *Robertson* v. *Cloud*, 47 Miss. 208; *Dixon* v. *Cook*, ib. 220. In Wisconsin, under chapter 264, Laws of 1860, it is held that the findings of fact by the court are not equally as conclusive as the

verdict of a jury, and that the appellate court is required to review questions of fact as well as of law when the trial has been had before the court below without a jury, and proper exceptions have been taken to the findings of fact.  *Swift* v. *Agnes*, 33 Wisc. 228 ; *Paige* v. *McMillan*, 41 Wisc. 337. *Osborn* v. *Marquand*, 1 Sandf. 457, cited by defendants' counsel, is also based on a statute of New York, which provides that the finding of the judge "shall in all respects have the same effect as a verdict of a jury thereon, and no other." But the verdict of a jury is conclusive when the evidence is conflicting.  *Ritter* v. *Cushman*, 7 Rob. (N. Y.) 294.   Under Rev. Stat. U. S. 2d ed. 1878, § 649, the finding of the Circuit Court upon the facts has the same effect as the verdict of a jury.  *Insurance Co.* v. *Folsom*, 18 Wall. 237 ; *Lehnen* v. *Dickson*, 148 U. S. 71.   But the verdict of a jury in that court settles all questions of fact, *Lancaster* v. *Collins*, 115 U. S. 222, the Supreme Court looking into the evidence only to see whether there was error in the rulings below.   *Riley* v. *Boyer*, 76 Ind. 152, cited by the defendants' counsel, was a case where the court sitting without a jury, rendered a judgment which was not only not sustained by any evidence offered, but was against the uncontradicted testimony of six witnesses.   The Supreme Court reversed the judgment, as it was clearly its duty to do, there being no evidence upon which to base it, and the judgment below being, therefore, the mere arbitrary exercise of judicial power.   But independent of statutes regulating this matter, the decided preponderance of the authorities is to the effect that the finding of the court in this regard is not reviewable. See *Sheffield* v. *Otis*, 107 Mass. 282 ; *Backus* v. *Chapman*, 111 Mass. 386 ; *Shelton* v. *French*, 33 Conn. 489 ; *Blackford* v. *Plainfield Gas Light Co.*, 43 N. J. Law, 438 ; *Crocker* v. *Crocker*, 43 Me. 561 ; *Monmouth Park Association* v. *Warren*, 55 N. J. Law, 598 ; *Dimock* v. *U. S. National Bank*, Ib. 296 ; *Pettengill* v. *Shoenbar*, 84 Me. 104 ; *Riley* v. *Riley*, 23 Pacif. Rep. 326 ; *Ward* v. *Morrison*, 25 Vt. 593 ; *Watts* v. *Julian*, 23 Northeastern Rep. 698 ; *Giffen* v. *Johnson*, 43 Kans. 678 ; *Tuten* v. *Stone*, 12 Rich. Law (S. C.), 448 ; *Sa-*

*win* v. *Izard*, 26 Ark. 371 ; *Murray* v. *Wells*, 57 Iowa, 26 ; *Gest* v. *Kenner*, 7 Ohio St. 75. In Illinois the court is prohibited by statute from re-examining controverted questions of fact in cases of this sort. *Postal Telegraph Cable Co.* v. *Lathrop*, 131 Ill. 575 ; *LaSalle County* v. *Milligan*, 143 Ill. 321. In Pennsylvania, under a statute which provides for the submission of civil cases, by agreement of the parties, to a referee learned in the law, (Laws of Pa. 1874, p. 166), under which act the parties may also submit cases to the decision of the court in the same manner as was done in the case at bar, it has been many times held that the findings of fact by the court or referee are not reviewable where there is any evidence to sustain the same. *Jamison* v. *Collins*, 83 Pa. St. 359 ; *Lee* v. *Keys*, 88 Pa. St. 175 ; *Brown* v. *Dempsey*, 95 Pa. St. 243 ; *Commonwealth* v. *Lehigh Valley R. R. Co.*, 104 Pa. St. 89 ; *Bradlee* v. *Whitney*, 108 Pa. St. 362 ; *Commonwealth* v. *Hulings*, 129 Pa. St. 317.

But whatever the law may be elsewhere, we see no reason for departing from the well established practice in our own State, which is to regard the findings of fact of any member of this court, when sitting as the Court of Common Pleas, as binding and conclusive upon this court if there is any evidence to support such finding. See *White* v. *White*, *ante, p.* 292, also the unreported case of *Peck* v. *Goff*, decided at the April Term, 1893.[1] If either party desires a trial by jury he may have it by simply asking therefor, and if dissatisfied with the verdict he may have the evidence reviewed by this

---

[1] PROVIDENCE SC.                          SUPREME COURT,
                                            APRIL TERM, 1893.

CYRIL C. PECK ⎫
              ⎬ Exceptions, &c., No. 1837.
*vs.*         ⎪
EPHRAIM GOFF. ⎭

RESCRIPT.

*Filed July 15, 1893.*

This petition is based upon the grounds that the finding of facts by the court below was against the evidence and that the damages are excessive. Both these grounds depend upon one question of fact. In the opinion in this case, *ante, p.* 94, the agreement upon which the action is based was construed to be a contract

court.    But if he waives his right to such trial he also waives
the right to have the findings of fact reviewed.    In the case
at bar the evidence, which is quite voluminous, is conflict-
ing, the plaintiff and some of his witnesses testifying to facts
which fully support the declaration, while the defendant and
his witnesses testify to facts which are inconsistent with the
plaintiff's claim.    The case was evidently tried and consid-
ered with much care, and the court having found upon com-
petent evidence that the plaintiff was entitled to recover, we
have no right to disturb the judgment.

Petition for new trial denied and dismissed.

*Charles A. Wilson & Thomas A. Jenckes*, for plaintiff.
*Francis Colwell & Walter H. Barney*, for defendants.

---

by which Goff bound himself to pay the surplus income of the fund to Peck
until Peck's claim upon Vaughan should be satisfied.    Vaughan was indebted to
Peck on promissory notes and on a balance of book account.    The defendant
now claims that as he had no knowledge of any indebtedness except the balance
of book account, the measure of his liability was limited by the amount of such
balance.    The record shows testimony from which the court below might have
found that the defendant had knowledge both of the notes and the book account
at the time of the agreement, and a supplementary statement of the judge who
heard the case states that he did so find upon the question of fact.    We cannot
therefore disturb this finding, nor the amount of damages awarded, which was
in accordance therewith.