Jackson, J.
It has been decided that a writ of error does not lie upon a judgment rendered on a case stated by the parties for the opinion of the Court. (1) By this expression it is not meant that the Court of Errors has no jurisdiction of the cause which is brought before them. They must adjudge upon the record, which is removed by the writ of error: and accordingly, in the case cited, the court did affirm the judgment complained of.
The principle established is, that, when the parties have agreed, that a certain judgment shall be rendered for either of them, according to the opinion of the judges, on a case stated, the Court of Errors cannot rescind that agreement, and enter a different judgment. It is the same in principle as if they had [ * 396 ] agreed that judgment should be entered according * to the opinion of any other individuals; or that it should depend on any other collateral event. When the opinion is given, or the other event happens, and the judgment is entered accordingly, it is so entered by the consent and agreement of the parties, in like manner as if they had in any other mode ascertained what was right and just between them, and had afterwards come into court and consented to a judgment accordingly.
■ We see no material difference between a writ of error and an appeal, as to the point now under consideration. An appeal, in our practice, opens the whole case, as to the facts as well as the law. But if there be no issue of fact, the Court of Appeals must decide on the questions of law presented by the record, in the same manner as if it were brought before them by a writ of error.
*359 In the case now before us, there is no issue of fact to be tried. There was no issue of law in the Court of Common Pleas; and their judgment must be affirmed, unless there is something in the record to show that it was erroneous. The only objection suggested is, that the opinion of the judges of that court on the question submitted to them, and by which the parties agreed to be governed, was not conformable to law. Whether it be so or not, is a question not presented to us on this record. The case was not stated for our opinion, nor did the parties agree to submit to us. If, therefore, we should have entertained a different opinion on that question, this cannot affect the determination of the present cause. The judgment complained of was rendered by the consent of the parties, and it must be affirmed, (a)

Judgment affirmed.

1) 9 Mass Rap. 329, Carroll & Al. vs. Richardson.

 Alfred vs. Saco, 7 Mass. Rep. 360. — Carroll & Al. vs. Richardson, 9 Mass. Rep 329.— Gray vs. Storer, 10 Mass. Rep. 163. — Forsith vs. Shaw, 10 Mass. Rep. 253. Coffin vs. Cottle, 4 Pick. 454.—Bacon vs. Ward, 10 Mass. Rep. 143, and note.