## M. J. HEYWOOD *vs.* THOMAS STILES.

Middlesex.   Jan. 9. — March 1, 1878.   AMES & LORD, JJ., absent.

Upon the report of a case for the determination of this court, whether the jury were warranted in finding the verdict which was rendered therein, the weight of the evidence will not be considered; but the only question is, whether there was any evidence upon which the jury could legally have found their verdict.

If, in an action of contract, the language of the witnesses is equally consistent with the theory that the defendant alone made the parol promise declared on, or with the theory that his undertaking was collateral to that of a third person, or that he became jointly responsible with the third person, the defendant has no ground of exception to the submission of the case to the jury.

CONTRACT on an account annexed to recover for the board of six men at the plaintiff's hotel.  Trial in the Superior Court, before *Gardner*, J., who, after a verdict for the plaintiff, reported the evidence for the consideration of this court; if upon the evidence the action could be maintained, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the defendant.  The nature of the evidence appears in the opinion.

*S. Hoar*, for the defendant.

*H. F. Buswell*, (*C. H. Walcott* with him,) for the plaintiff.

MORTON, J.  The only question presented by this report is, whether there was any evidence at the trial which would justify a verdict for the plaintiff.  It must be borne in mind that this question is quite different from that raised upon a motion for a new trial if duly made in the court in which the case is pending.  The weight or sufficiency of the evidence cannot be considered by us.  If there was any evidence, even though contradicted by other testimony in the case, which could properly be submitted to the jury, and upon which they could legally find a verdict for the plaintiff, we cannot set aside the verdict as a matter of law.  The weight of the testimony and the credit of the several witnesses is exclusively within the province of the jury.  *Forsyth* v. *Hooper*, 11 Allen, 419.

The plaintiff sues to recover for the board of six men at her hotel.  She contended that before the board was furnished she and the defendant made an agreement that it was to be furnished for him and upon his credit.  At the trial she testified that in

May, she was called to see about the board of these men; that she found Newton, who was her clerk, the defendant, and one Hogan there; that Hogan said he was going away, and was going to leave these men there, and Stiles would see that the board was paid. Stiles said it was all right. On cross-examination, she testified: "Newton said, 'Here is Mr. Stiles.' Hogan then spoke and said, 'I am going away and Stiles will see you all paid.' Newton said, 'You know Hogan and Stiles of Bedford,' and Hogan said Stiles would be responsible for their board. I was sick and I left it with Newton (who is now dead) to fix the price. Hogan said, they had a gang of men fixing the turn-table and they wanted to get them boarded; 'I am going away, Stiles will make it all right;' think I said at one of the former trials, 'We will make it all right, is not that so Mr. Stiles?' He said, 'Yes;' Hogan said, 'I am going away and Stiles will see you paid;' this is the way the conversation took place." She also testified that she afterwards called on Stiles three times and he told her that she should get her pay.

A witness, Etridge, testified that he heard the conversation. That "Hogan said he was going to send some men here; said, 'I am going away for some time, and my business I have left with Mr. Stiles, and he will see that it is all right for those men's board;' plaintiff said it was all right if Mr. Stiles said so. Stiles said he guessed he was good for that amount." The defendant, Stiles, testified in his own behalf that he "was never present at any such interview as that testified to by the plaintiff, and never promised her, in any way, to be responsible for these men."

It was the province of the jury to determine whether there was such a conversation, and what was its character. It is probable that after so great a lapse of time, it is impossible to determine exactly what was said at the interview. Much of the language, as given by the witnesses, is consistent either with the theory that Stiles agreed to become originally and solely responsible for the board of the men; or with the theory that his undertaking was collateral, or a joint one with Hogan. But it was the province of the jury to determine what was the real substance and spirit of the understanding between the parties, having in view their appearance upon the stand and the relations which they sustained to each other and to the men who

were boarded. We cannot say, as matter of law, that they were not justified in the finding that the agreement was that the men were to be boarded upon the sole credit of the defendant.

*Judgment on the verdict.*