CYRENE E. DUNN, appellant from the decree of judge of probate,
vs. JOHN KELLEY & others.

Oxford.    Opinion February 5, 1879.

*Probate.    Appeal.    Judicial discretion.    Exceptions.*

The amount of a widow's allowance, and the kind of property of which it
shall consist, are matters of judgment and judicial discretion; and to these,
exceptions do not lie.

R. S., c. 77, § 21, allowing exceptions to the party aggrieved, relates only to
opinions, directions and judgments upon questions of law, but does not
include those which are the result of evidence or the exercise of judicial
discretion.

APPEAL from the decree of the judge of probate of Oxford
county, granting an alleged inadequate allowance to the appel-
lant, widow of Samuel S. Dunn, and which appeal came before
the law court on exceptions to the decree of the presiding justice
at *nisi prius.*

The allowance made to the appellant by the judge of probate
was the sum of $600, outside of $404 which she received from
the Masonic Relief Association on account of the death of her
husband.

The allowance decreed, on appeal, by the justice at *nisi prius*
was $2,000, and also that she " have and retain all the homestead
furniture claimed by her, not appraised in said inventory, which
was in the dwelling-house of said deceased at the time of his
death."

To this decree the appellees, who were heirs at law of deceased,
allege the following exceptions :

I. Because the allowance, made by the presiding justice in
favor of the appellant, was not necessary according to the degree
and estate of her husband, and not authorized by law, she having
no family under her care.

II. Because, by said decree, he allowed her a large amount of
household furniture and personal property, the amount and value
of which he could not have known, except by the evidence in the
case, as it was not appraised or returned by the appellant in her
inventory as administratrix.

III. Because the presiding justice attempted to settle and determine by said decree, without the intervention of a jury, the title to a large amount of property in controversy between the parties.

*E. Foster, Jr.*, for the appellant.

*D. Hammons*, for the appellees and heirs, contended as follows:

The authority for these proceedings and this distribution of an estate is R. S., c. 65, § 21.   C. 63, §§ 21 and 26.   C. 77, § 21.

I. The amount of an allowance is not an arbitrary matter entirely within the discretion of the justice at *nisi prius*.   It is a result fixed by fact, equity and law.   He can reverse or affirm, pass any decree which the appellate court ought to have passed; but in all this he must be governed by what " law and justice " both require.   He is bound to consider the age, health, ability of the petitioner, condition of her family, source whence the property was derived, the amount she has contributed, her condition in life, what property she has in her own right, the degree of consanguinity of the heirs, and their ages, health, education, needs, wealth, poverty, and divers other considerations; and for a careful, disinterested consideration of all these, he is bound by both law and equity.

The decree of the probate judge ought not to be disturbed. He had the better opportunity for knowing what was just to both widow and heirs; and here the remarks of the court in *Kersey* v. *Bailey*, 52 Maine, on bottom of page 200 and top of page 201, are applicable.

II. The decree is a singular one.   Can it be a legal one ?   She " shall have and retain all the household furniture claimed by her, not appraised in said inventory," etc.   No schedule of furniture, or property claimed by her, was ever filed, or appears in this case. No schedule of furniture in the house at the death of the husband appears.   Of what did it consist, and of what value ?   She can know, for she is the widow and the administratrix.   How can the heirs determine whether or not she faithfully administers the estate ?   She is to have what " she claims."   Can such a decree

have a legal · foundation ? And, if so, what inducement to bad administration this kind of quieting decree must afford.

WALTON, J.   Cyrene E. Dunn applied for an allowance out of the personal estate of her deceased husband. The judge of probate allowed her $600 out of the property inventoried, and $404 drawn from the Masonic Relief Association, amounting in all to $1,004. Being dissatisfied with this allowance, she appealed. At the hearing at *nisi prius* in this court the presiding judge allowed her $2,000, and all of the furniture claimed by her, not inventoried, which was in the dwelling-house of the deceased at the time of his death. To this allowance the heirs except ; and the question is whether the exceptions can be sustained.

We think not. The amount of a widow's allowance, and the kind of property of which it shall consist, are questions which must be determined by an exercise of judgment and judicial discretion ; and it is well settled that to such decisions exceptions do not lie. True, the R. S., c. 77, § 21, declare that, when the court is held by one justice, " a party aggrieved by any of his opinions, directions or judgments " may except; but this provision has always been construed to include only opinions, directions and judgments upon questions of law, and not to include such opinions, directions or judgments as are the result of evidence, or the exercise of judicial ·discretion. *Scruton* v. *Moulton,* 45 Maine, 417. *Crocker* v. *Crocker,* 43 Maine, 561. *Call* v. *Call,* 65 Maine, 407. *Higbee* v. *Bacon,* 11 Pick. 423.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.