EDWARD BARRETT & others *vs.* JOHN McHUGH.

Bristol.   Oct. 28, 1879. — Jan. 16, 1880.   COLT & AMES, JJ., absent.

In an action by A. against B. for goods sold and delivered, it appeared that the goods were delivered to C. and were charged to C. on A.'s books of account. A.'s evidence was to the effect that B. said he would be responsible for and pay C.'s bills; that after the goods were delivered B. said it would be all right; that after suit was brought B. said he considered himself responsible to a certain time, but not afterwards. A witness for the plaintiff testified that the plaintiff said B. promised to pay the bill if C. did not. The defendant testified that he only promised to pay if C. did not. *Held*, that the evidence would warrant the finding that B. was liable as an original promisor.

CONTRACT for goods sold and delivered. Answer : 1. A general denial.   2. The statute of frauds.

At the trial in the Superior Court, before *Rockwell*, J., it was admitted that the goods were sold and delivered to Mrs. Dewire, under the circumstances hereinafter stated ; and that the plaintiffs' books showed that the goods were charged to her, and that what payments had been made were made by her.

Nicholas T. Geagan, one of the plaintiffs, testified as follows : " The defendant came and said he had a person whom he wanted to get a store for. I said we could not trust strangers. The defendant then said that all persons he sent he would be responsible for, and pay their bills. I said, if he would do that, he could have the goods."

Marcus M. Leonard testified that he was employed by the plaintiffs at the time the goods were sold, and delivered the goods to Mrs. Dewire ; that the defendant asked him if he had left the goods there, and he said it would be all right.

Stephen Cuttle testified that he was employed by the plaintiffs at the time the goods were sold ; that the defendant came to the store and said, " Mrs Dewire is coming ; let her have what goods she wants, and I will be responsible for them ; I will be accountable for her debt. "

Edward Barrett testified that the defendant, after the suit was commenced, said he considered himself responsible until the 10th or 12th of August, and at that date he told somebody not to give Mrs. Dewire any more goods on his account.

John D. Touhey testified that the bill against the defendant was given to him for collection; that the defendant said he was responsible for a certain time, and that he did not hold himself responsible for any goods given to Mrs. Dewire after that time; one of the plaintiffs said in his office, that the defendant promised to pay the bill, if Mrs. Dewire did not.

The defendant testified that, in June 1876, he brought Mrs. Dewire to the plaintiffs' shop; that, at the time, he was a grocer, and, the hot weather coming on, he concluded to go out of the meat business; that Mrs. Dewire was at the time a customer of his, and he recommended her to the plaintiffs, and said, " Give her what goods she wants, and, if she don't pay you, I will; " that no person ever spoke to him about this bill until after Mrs. Dewire's death; that he never promised Geagan or Cuttle that he would be responsible. On cross-examination, he testified as follows : " I think I did have that conversation with Barrett, and may have said to him that I told somebody not to give Mrs. Dewire any more goods, but did not tell anybody so. I did not know but that I was responsible until August; but not after that time."

The judge found on this evidence, as matter of fact, that there was an original promise by the defendant to pay for the goods, and that the goods were delivered upon this promise.

The defendant requested the court to rule, as matter of law, that upon the evidence, admitting what the plaintiffs said was true, there was no original promise, and the plaintiffs could not recover.

The judge refused so to rule, and ordered judgment for the plaintiffs ; and the defendant alleged exceptions.

J. W. Cummings, for the defendant.

A. J. Jennings, (J. M. Morton, Jr. with him,) for the plaintiffs.

MORTON, J.    This case is governed by Heywood v. Stiles, 124 Mass. 275.    There was evidence, proper to be considered by the presiding justice who tried the case without a jury, tending to show that the goods for which this suit is brought were sold upon the sole credit of the defendant, and that he was liable as an original promisor, and not as a guarantor.    Upon this question, the finding of the justice is conclusive, and we cannot revise it.

*Exceptions overruled.*