GEORGE W. PETTENGILL *vs.* JOHN SHOENBAR.

Hancock. Opinion December 12, 1891.

*Practice. Exceptions. Judicial discretion. Finding of facts.*

The decision of a presiding judge as to matters of fact, in a case referred to him with right to except, is conclusive.

A party may except to any opinion, direction or judgment of the presiding justice upon questions of law; but this does not include such opinions, directions or judgments as are the result of evidence, or the exercise of judicial discretion.

ON EXCEPTIONS.

The case appears in the opinion.

*Deasy and Higgins*, for plaintiff.

*Hale and Hamlin*, for defendant.

FOSTER, J.    Assumpsit upon a note and account annexed for goods sold and delivered.    The case was heard by the presiding Judge with the right of exceptions.    Judgment was rendered for the full amount sued for.

The defendant claimed that there was not sufficient proof of delivery of the goods to hold him liable; but the court ruled otherwise, and this is the only question raised by the exceptions.

A full report of the evidence is not before us, but the exceptions state that the plaintiff was a country store-keeper and the only witness, and that he introduced his books containing charges against the defendant regular in form, and testified that the articles charged were given by him in his course of business to his servant engaged in running his delivery team from the store, according to his regular custom and the custom of other merchants in that locality; and that he had presented the bill to the defendant who made no objection to it but promised to pay the same.

The exceptions controvert the correctness of the Judge's decision based upon the result of evidence and upon matters of fact.    His decision was in relation to the sufficiency of proof of delivery of the goods.

It is a familiar principle that the decision of a presiding Judge as to matters of fact, in a case referred to him with right to except, is conclusive.    *Berry* v. *Johnson*, 53 Maine, 401; *McCarthy* v. *Mansfield*, 56 Maine, 538; and as to the effect of testimony, *Haskell* v. *Angier*, 74 Maine, 192.    And in such case no exceptions lie to his finding of any matter of fact.    *Curtis* v. *Downes*, 56 Maine, 24.    That while a party may except to

any opinion, direction or judgment of the presiding justice, upon questions of law, this does not include such opinions, directions or judgments as are the result of evidence, or the exercise of judicial discretion. *Dunn* v. *Kelley*, 69 Maine, 145, 147; *Thompson* v. *Thompson*, 79 Maine, 286, 291; *Edmunson* v. *Bric*, 136 Mass. 189; *Sheffield* v. *Otis*, 107 Mass. 282; *Backus* v. *Chapman*, 111 Mass. 386, 387.

No question of law is presented to us, unless it is whether the facts shown in the bill of exceptions would warrant the decision arrived at by the Judge who heard the case. We think they would. There was evidence tending to support the plaintiff's case, and to show a delivery of the goods, in addition to the books of account introduced by the plaintiff. The bill had been presented to the defendant. He made no objection to it, but promised to pay the same. The weight of this evidence was a matter for the presiding Judge, trial by jury having been waived. It is not open to us to revise his conclusion in reference to the weight that may be given to it as matter of fact. His finding upon the facts and the legitimate inferences to be drawn from them are as conclusive as if determined by a verdict. The question upon exceptions to the decision of the presiding Judge it must be borne in mind, is quite different from that raised upon a motion for a new trial. The weight or sufficiency of the evidence lies with the tribunal selected by the parties. If there was any evidence which, if submitted to a jury and they could legally find a verdict for the plaintiff, upon the question in issue, we cannot sustain exceptions to the decision of the presiding Judge, who in reference to this matter has been substituted for the jury. *Heywood* v. *Stiles*, 124 Mass. 275; *Barrett* v. *McHugh*, 128 Mass. 165, 166.

It becomes unnecessary to enter upon any discussion in reference to the admissibility of the plaintiff's books, supported by the suppletory oath of the party, or the weight or credibility to be given them. They were before the court, but they were not all the evidence introduced bearing upon the question of delivery. It is not for us to assume how much weight was attached to them, or that none was given to the other evidence. All we

can properly consider is what appears in the exceptions. *Withee* v. *Brooks*, 65 Maine, 14.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.