EVADNE CAREY

*vs.*

JAMES McNAUGHTON, ET AL.

Penobscot.    Opinion September 9, 1927.

*The finding of a single Justice trying a cause without a jury abundantly justified on the evidence, hence final.*

On exceptions.    An action of trover to recover the value of an automobile described in the declaration as "a Star Sedan, 1926 model."

The cause was tried by the presiding justice without a jury who found for the plaintiff and defendant excepted.    Exceptions overruled.

The case sufficiently appears in the opinion.

*Fellows & Fellows,* for plaintiff.

*Stanley Needham,* for defendant.

SITTING:    WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

DUNN, J.    When this action of trover was on trial, the judge acting in the place of a jury, in the Superior Court in Penobscot county, the issue narrowed as to whether the plaintiff had shown herself the owner, at the time of the alleged conversion, of the title to the automobile which one of the defendants had stored in the public garage of the other, and each defendant in turn had refused to deliver up, though the garage charges, apparently the only claim either defendant had on or against the automobile, were first tendered.

The question at the trial, on the theory of variance between the declaration and the proof, was of the identity of the subject-matter. Plaintiff had declared in the writ that her Star automobile was of the

model of 1926. Defendants claimed that the automobile demanded of them was a Star of 1925.

There was evidence both ways. For the plaintiff, not to speak of other evidence tending to establish her contention, there was testimony by a witness who had dealt in and with the especial make of automobile, that the particular automobile was known to the trade as a 1926 model. For the defendant, testimony that on the block of the engine was the inscription: "Model F 1925."

And there was testimony that the engine model and the automotive model were different things; that though the engine and the automobile both might have been made in the same calendar year, yet the year of the automobile maker, in reference to the model of the vehicle, regularly ended on July 31st.

The judge found for the plaintiff, and the finding was abundantly justified on the evidence.

The finding of the judge settled the facts. In brief, simple terms, then, no question of law being involved, the exception which the defendants have argued is unavailing. *Treat* v. *Gilmore* 49, Maine 34; *Ayer* v. *Harris*, 125 Maine 249.

*Exception overruled.*