RUSSELL K. PRATT *vs.* WILLIAM E. DUNHAM.

Cumberland.   Opinion February 15, 1928.

*Thaxter, White & Willey,* for petitioner.
*Choate, Hall & Stewart,*
*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

WILSON, C. J. A petition for a writ of mandamus to compel the defendant as clerk of the American Investment Securities Company to permit the petitioner to inspect the records and stock book of the company and copy such parts as might pertain to his interests. An alternative writ was issued, and from the return thereon, it appears that the reason for refusing the petitioner the right to inspect the records, and the ground urged for which a peremptory writ should be refused, was that the petitioner is not a person interested within the meaning of sec. 22, chap. 51 R. S., as construed in *Day* v. *Booth,* 123, Me., 443, and that his purposes in obtaining such information were vexations and unlawful.

The Justice below found as facts that the petitioner was a bona fide holder of stock in the company and was a person interested within the meaning of the statute and that his purposes were legitimate and proper and ordered the peremptory writ to issue.

To this order and to the exclusion of certain evidence the defendant excepted, and presents his bill of exceptions to this Court.

The contention of the defendant was that the petitioner's stockholdings were only colorable and not bona fide holdings, or if bona fide, that his purpose in seeking the information and obtaining a list of stockholders was not for his own benefit, but as the agent or in behalf of a certain stock broker, or a firm of stockbrokers, in order that they might use them for improper purposes in circularizing the stockholders.

This was denied by the petitioner who testified that he bought a part, at least, of the stock standing in his name at the time the pro-

ceedings were begun, viz., one thousand shares, for cash at the market prices, and that he desired a list of the stockholders in order that he might communicate with them as to the affairs of the corporation with the management of which he was not satisfied.

Although there was evidence of a close connection between the petitioner and the stock broker in question, named Hotchkin, any agency on the part of Pratt in obtaining the stock list was also denied by Hotchkin, who testified in explanation of his interest in the proceedings and his efforts to aid the petitioner in obtaining the information sought, that both he and his wife held large blocks of the stock. He admitted that his firm dealt in the stock of this company and had circularized its stockholders, but claimed it already had a list of stockholders sufficiently complete for their purposes as brokers.

Exceptions do not lie to findings of facts by a single Justice unless found without any evidence or contrary to the only inferences to be drawn from the testimony. *Hazen* v. *Jones*, 68 Me., 343; *McLeod* v. *Amero*, 111 Me., 216; *Ayer* v. *Harris*, 125 Me., 249.

The granting of the peremptory writ of mandamus is not of right, but a discretionary power and exceptions do not lie to its issuance or refusal, unless it is a clear abuse of discretion which does not appear here. *Day* v. *Booth*, supra.

The defendant also presents exceptions to the exclusion of certain testimony offered by him relating to the activities of the stock broker, Mr. Hotchkin, and for the purpose of showing that he or his firm had previously invoked and was frequently invoking the writ of mandamus to obtain stock lists of other companies, that his firm had frequently and persistently circularized the stockholders of the American Investment Securities Co., that they had made offers to purchase stock at "steadily increasing prices" and had endeavored to induce stockholders to part with their holdings by depreciating its value.

All of which evidence without repeating it in detail, if the petition had been brought by the stock broker himself, might have been pertinent, but had no bearing on the interest of the petitioner in these proceedings, unless it was shown that he was a mere dummy or agent of the stock broker or had conspired with him to obtain the stock list for the improper uses by the stock broker or his firm.

Much evidence to the same effect was admitted without objection. The Justice below, however, found that the evidence did not sustain the contention of the defendant that the petitioner was acting solely in behalf of the stock broker or his firm, but was acting solely in his own behalf and that his purposes were lawful. The evidence of Mr. Hotchkin's activities along the lines suggested by the testimony offered and excluded had no tendency to prove any connection between the stock broker and the petitioner, and unless such agency was established, had no bearing on the issue of whether this petitioner was a person interested within the meaning of the statute. We think the defendant was not aggrieved by its exclusion.

Evidence was also offered of the expense of a complete audit of the financial affairs of the company and excluded. Defendant contends that this should have been admitted on the question of the good faith of the petitioner. But the petitioner does not seek to examine the financial records of the company in these proceedings and the record shows that he did not complain because he had not been permitted to have such an audit made, nor is it clear that he ever requested such an audit be permitted.

Mr. Hotchkin did testify that he had requested such an audit and was refused; but again, unless the petitioner had been shown to be the agent of Mr. Hotchkin in these proceedings and that they are being prosecuted by the petitioner in behalf of Hotchkin or his firm, such evidence had no tendency to discredit the petitioner's good faith in seeking to obtain a complete list of stockholders.

It is clear from the record that it was on this ground that the evidence was excluded. The petitioner expressly denied that such an audit was his aim or purpose. We think in view of the findings of fact by the Justice below, the defendant was not aggrieved by this ruling.

*Exceptions overruled.*