GILBERT V. PENNOCK AND EARLE T. PENNOCK
*vs.*
JERRY SMITH.

Aroostook.    Opinion, March 11, 1942.

*Frank E. Pendleton,* Caribou, for plaintiffs.

*David Solman, Caribou,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

PER CURIAM.

Plaintiffs bring this action to recover a balance of $500, and interest, on the rental of a potato storage warehouse occupied by the defendant for the seasonal year ending in the summer of 1941. Defendant occupied in the particular year under a verbal contract, but had been lessee under written annual leases during the three immediately preceding years. While properly subject matter for recoupment rather than for setoff, the defendant, with the consent of the plaintiffs, pleaded by way of setoff, inserted in a brief statement accompanying a plea of the general issue, that he had suffered damage during the particular year by the freezing of an unspecified quantity

of potatoes. It is apparent on the record that the parties joined in an effort to secure decision in this single case of both the plaintiffs' right to collect the rental balance and the defendant's right to recovery for the freezing of his stored product because of alleged defect *of some kind* in the warehouse.

The case was submitted to the justice presiding below on an agreed statement of facts which fixed the amount of the freezing damage at $325. Decision below was for the plaintiffs, without deduction of the damage claimed, and the defendant brings the case forward on an exception alleging that the legal effect of the agreed facts cannot sustain the ruling of law which denies his recoupment.

In *Warren* v. *Coombs*, 44 Me., 88, the principle was declared that error would not lie against a judgment rendered upon agreed facts. This was in accord with earlier cases decided in Massachusetts, *The Inhabitants of Alfred* v. *The Inhabitants of Saco*, 7 Mass., 380; *Carroll et al.* v. *Richardson*, 9 Mass., 329; *Wellington* v. *Stratton*, 11 Mass., 394, and was cited with approval in *Inhabitants of Richmond* v. *Toothaker et al.*, 69 Me., 451. Decision in *Warren* v. *Coombs*, supra, is entirely consistent with the earlier decision of this Court in *Proprietors of Roxbury* v. *Huston*, 39 Me., 312, which has ever since controlled our practice, that when cases are heard by a single justice without the aid of a jury, under the provisions of what is now R. S. (1930), Chap. 91, Sec. 26, his decision is final upon all questions of fact, and is not subject to exceptions upon rulings of law unless there has been an express reservation of the right to except. In the instant case, the parties incorporated a definite recital in their agreed statement of facts that the justice presiding at *nisi prius* should decide the case "with right of exceptions reserved as to matters of law." In sound reason, there can be no basis for denying to such a reservation equal effectiveness with a similar one noted on the docket when a case is submitted to decision by the justice presiding in accordance with the provisions of said statute. Foundation for the rule which underlies the decision in both the *Roxbury* and

the *Warren* cases noted lies in the fact that the parties volun-
tarily submitted their cases to the *final* adjudication of a
selected tribunal. Such is not the case when the signed agree-
ment of submission, or the docket entry showing such agree-
ment, carries express stipulation that the right to except on
questions of law is reserved.

Defendant's exception must fail, however, within the prin-
ciple that exceptions do not lie to the factual findings of a
single justice unless they are made either without evidence to
support them or in opposition to the only proper inferences to
be drawn from the testimony. *Ayer* v. *Harris,* 125 Me., 249,
132 A., 742; *Pratt* v. *Dunham,* 127 Me., 1, 140 A., 606. In the
case under consideration, we have no occasion to consider
either the weight or the inference of evidence. The facts, which
are agreed, amply justify the finding made for the plaintiffs on
the issue raised in their declaration. The defendant relies on
his right to recoup a loss suffered because of a defect in the
plaintiffs' warehouse. The burden of showing the existence of
a defect, its kind, and that it not only might have been but
was the cause of the damage suffered, rested upon him; and
unless that burden could be met and carried, decision must
be against him. The facts agreed upon do not meet such bur-
den. Agreement is that the defendant would have testified,
had the case been heard, that he had taken proper care of the
warehouse and kept it properly heated at all times when heat
was necessary; and that the plaintiffs had no knowledge either
upon these points or as to the existence of any defect in the
warehouse, or evidence to present in connection with any of
such facts. This carries no admission even that a defect did in
fact exist, and obviously could not present groundwork for
decision that some alleged defect, whatever its undisclosed na-
ture, was the cause of the damage suffered. Upon the agreed
facts, the decision below was correct.

*Exception overruled.*