CHARLES CLAPPERTON, SR.
*vs.*
UNITED STATES FIDELITY AND GUARANTY COMPANY,
THE TRAVELERS INDEMNITY COMPANY,
ROBERT McLELLAN,
ROBERT McLELLAN, AS FATHER AND NEXT FRIEND OF
DENNIS McLELLAN, A MINOR,
LLEWELLYN E. WHITMAN, AND
LLEWELLYN E. WHITMAN AS FATHER AND NEXT FRIEND
OF LLEWELLYN H. WHITMAN, A MINOR

Kennebec. Opinion, November 3, 1952.

*James E. Glover,*
*Joly & Marden,* Attorneys for petitioner.

*Robinson, Richardson & Leddy,*
   Attorneys for United States Fidelity and Guaranty Co.

*Locke, Campbell, Reid & Hebert,*
                  Attorneys for Travelers Indemnity Co.

*Dubord & Dubord,* for McLellan, et als., specially
*Lewis L. Levine*

SITTING: THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. MURCHIE, C. J., did not sit.

MERRILL, J. On exceptions. In this case there was a petition to the Superior Court for a declaratory judgment.

By the petition Charles Clapperton, Sr., against whom several actions had been brought to recover damages in the aggregate sum of $162,000.00 for injuries received in an automobile accident which took place on October 7, 1950, sought to have the court declare his rights under an automobile liability insurance policy issued to him by the United States Fidelity and Guaranty Company. He sought a declaration of "whether or not the said policy was in full force and effect on the date of said accident, October 7, 1950, and whether or not the said policy remained in full force and effect and is valid and collectible insurance in connection with said accident, in the event that the plaintiffs in the negligence actions (who are the individual respondents herein) as recited in paragraph 5 of this petition should recover judgments against the Petitioner."

Briefly, the facts were as follows: On September 8, 1950, one William E. Hambleton, an agent of the United States Fidelity and Guaranty Company who had policy writing powers, sold and delivered to the petitioner an automobile liability policy in the usual form with $25,000-$50,000 limits. On September 25, 1950, the company by letter received in due course notified said agent to return the policy for pro rata cancellation. On September 27, 1950, without having notified the petitioner or having cancelled the policy, the agent bound the petitioner in the same limits with the respondent, The Travelers Indemnity Company, of which company he was also an agent. The Travelers accepted the risk and its policy was delivered to the agent on October 7, 1950. On the same day the petitioner was involved in the accident upon which he may be subject to liability to the individual respondents who have brought actions against him to recover damages therefor. Subsequent to the accident, and the agent's knowledge thereof, the Travelers' policy was delivered to the petitioner by the agent. The premiums on both policies were paid and both

policies were accepted by the petitioner. The petitioner duly notified both insurance companies of the accident. The United States Fidelity and Guaranty Company denied and still denies liability on the ground that its policy had been duly rescinded by mutual agreement as of its date and was not in effect at the time of the accident. It further claims that the policy of The Travelers Indemnity Company had been substituted therefor prior to the accident.

Later in October, the petitioner, at the request of another representative of the United States Fidelity and Guaranty Company, signed a release purporting to cancel their policy and discharge that company, on being assured by said representative that "he (the petitioner) had automobile coverage, double coverage—since he was also covered in the Travelers." The United States Fidelity and Guaranty Company, however, does not rely upon this release as a discharge of liability, but "only as evidence of ratification by Mr. Clapperton of the act of Mr. Hambleton in placing him in the Travelers as of September 27, 1950." The Travelers Indemnity Company not only does not deny liability under its policy but in its brief after quoting the above testimony of the representative of the United States Fidelity and Guaranty Company, states: "That is exactly the position of The Travelers Indemnity Company. That Clapperton on the date of the accident had double coverage, that he was covered *in the U. S. F. & G.* and also in The Travelers."

The Justice of the Superior Court found "that both companies were covering at the time of the accident on October 7, 1950 and any loss arising out of petitioner's liability therefor (as defined in the policies) must be borne equally by the two companies up to the total of the combined coverage but not in excess thereof." After decree by the single justice, the United States Fidelity and Guaranty Company filed a bill of exceptions which, after a recital of facts, is as follows:

"After hearing, the Court ruled and decreed, inter alia, as follows:

1. 'I find that Petitioner selected the USF & G in the first instance because the agent could write the policy and issue it without delay, and that he did not constitute Hambleton his agent to keep him insured in such companies as the agent might select.'

2. 'I find that notice of cancellation by USF & G to its agent was not binding upon Petitioner - - -'

3. 'I find that Hambleton was not acting as Petitioner's agent but was acting as a person engaged in the insurance business feeling a responsibility to a customer and anxious to retain good will and not leave his customer uninsured even for one moment.'

4. 'That liability had become absolute (R. S. 1944, Ch. 56, Sec. 261) - - -'

5. 'I find that both companies were covering at the time of the accident on October 7, 1950 and any loss arising out of petitioners liability therefor (as defined in the policies) must be borne equally by the two companies up to the total of the combined coverage but not in excess thereof.'

To all of which rulings the said United States Fidelity and Guaranty Company says that it is aggrieved, and excepts and prays that its exceptions may be allowed.

The petition, respondents' answers, exhibits, evidence, and the Court's decree are hereby incorporated and made a part of this Bill of Exceptions."

By the foregoing bill of exceptions the respondent, United States Fidelity and Guaranty Company, seeks to attack not only legal conclusions but factual findings made by the Justice of the Superior Court.

The liability, if any, of the respondent, United States Fidelity and Guaranty Company, to the petitioner on its

policy of insurance was a legal liability and enforcible by an action at law. The case, therefore, was properly entered upon the law docket of the Superior Court. *Maine Broadcasting Co.* v. *Banking Co.*, 142 Me. 220; *Sears, Roebuck & Co.* v. *Portland, et al.*, 144 Me. 250.

With respect to proceedings under the Uniform Declaratory Judgment Act, R. S. (1944), Chap. 95, Secs. 38 to 50, both inclusive, Sec. 44 provides that:

> "All orders, judgments, and decrees under the provisions of sections 38 to 50, inclusive, may be reviewed as other orders, judgments, and decrees."

Under this section of the statute, this case being a decision of a single justice sitting as a court of law as distinguished from equity, the only procedure to review his findings is by a bill of exceptions.

In all cases *at law*, when court is held by a single justice, his opinions, directions, or judgments may be attacked by exceptions. R. S. (1944), Chap. 94, Sec. 14. The apparent modification of this rule that requires a reservation of a right to exceptions in cases heard by the presiding justice in jury waived cases, *Frank* v. *Mallett*, 92 Me. 77, 79, has no application to cases heard by the justice in proceedings to obtain a declaratory judgment. In such cases he is hearing the case not because of a voluntary submission to him by the parties, but as the court designated by statute to hear and decide the same. In such cases it is not necessary to reserve a right to exceptions. *Leathers* v. *Stewart*, 108 Me. 96.

The directions, judgments, or opinions of a single justice hearing a case may be attacked only for errors in law. *Dunn* v. *Kelley*, 69 Me. 145; *Pettengill* v. *Shoenbar*, 84 Me. 104, 24 Atl. 584; *Ayer* v. *Harris*, 125 Me. 249, 132 Atl. 742.

Exceptions when taken to findings of fact by a single justice must attack such findings because of, and reach only,

errors in law. There is no error in law in a finding of fact by a single justice unless such fact be found without any evidence to support it. Examples of application of this rule by this court may be found in cases where we have applied it to the decision of a single justice hearing a case at law without the intervention of a jury, *Ayer* v. *Harris, supra,* to a decree of divorce, *Bond* v. *Bond,* 127 Me. 117, 129, 141 Atl. 833, to the decree of a justice of the Superior Court sitting as the Supreme Court of Probate, *Cotting* v. *Tilton,* 118 Me. 91, 94, 106 Atl. 113. The rule has been so uniformly applied by this court that citation of further authorities is unnecessary.

R. S. (1944), Chap. 94, Sec. 14, and the foregoing legal principles are applicable to proceedings to obtain a review of orders, judgments, and decrees of a justice made or rendered in proceedings at law to obtain a declaratory judgment. See *Sears, Roebuck & Co.* v. *Portland, et al.,* 144 Me. 250.

The *sufficiency* of bills of exceptions to orders, judgments, and decrees of a justice in proceedings to obtain a declaratory judgment is determined by the same rules applicable to bills of exceptions to orders, judgments, and decrees of a single justice in other cases.

This court has repeatedly and so recently set forth the requirements of bills of exceptions in general, and of bills of exceptions to the findings of a single justice that no useful purpose would be served by repeating them here. See *McKown* v. *Powers,* 86 Me. 291; *Jones* v. *Jones,* 101 Me. 447 and cases cited; *Bradford* v. *Davis et al.,* 143 Me. 124; *Heath et al., Applts.,* 146 Me. 229; *Sard* v. *Sard,* 147 Me. 46.

Measured by the standards set forth in these cases, the respondent's bill of exceptions is woefully insufficient. It fails to point out whether the erroneous findings of the justice presiding are errors in law because they are findings of

fact made without any evidence to support them, or are errors in law because the justice has erroneously applied or failed to apply established rules of law to the facts found by him to exist or on other exceptionable grounds.

Of the five rulings set forth to which exceptions are taken, only No. 2 and No. 4 can by any stretch of the imagination be deemed rulings of law as distinguished from mixed findings of fact and rulings of law thereon. Treating them as rulings of law, there is no merit in either of these exceptions.

The letter from the respondent, United States Fidelity and Guaranty Company, to its agent to return the petitioner's policy for pro rata cancellation, which is the notice referred to in exception No. 2, was not binding upon the petitioner, and in and of itself could not amount to a cancellation of the policy.

Exception No. 4 to the ruling that liability had become absolute (R. S. (1944), Chap. 56, Sec. 261) is not the complete finding of the justice and the same must be read in connection with the rest of the sentence which was "and also the rights of third parties had intervened." That finding of the justice was in accord with the provisions of the statute quoted by him. The respondent urges that before liability can become absolute there must be a policy in force under which the liability may arise. While this is true, this was not set forth in the bill of exceptions as the ground thereof. Even could the same be implied as contained in the exception, as will be later shown the policy was in force at the time of the accident. The ruling was correct and this exception must be overruled.

The first, third and fifth rulings complained of in exceptions No. 1, No. 3 and No. 5 respectively, are mixed findings of law and fact and the grounds of the exceptions thereto are not stated. When this was called to the attention of

counsel for the respondent at oral argument, the only statement in the bill of exceptions that he claimed amounted to a statement of the grounds of exception was the statement that the respondent was aggrieved.

When a ruling complained of is on its face a ruling of law, as distinguished from a finding of fact or from a mixed finding of fact and ruling of law, a recital of the ruling and a statement of sufficient facts in the bill of exceptions to show that the exceptant is aggrieved thereby and that he excepts thereto is sufficient.

When, as here, the findings to which exceptions are taken are either findings of fact or mixed findings of fact and rulings of law, the bill of exceptions must show the grounds on which it is claimed that the findings and rulings constitute errors in law and how the same are prejudicial to the exceptant.

Measured by these requirements, the bill of exceptions, so far as it relates to the rulings numbered 1, 3 and 5 is insufficient and these exceptions must be dismissed.

However, as this was the first case where we have had occasion to consider the sufficiency of a bill of exceptions to the findings of a single justice in proceedings to obtain a declaratory judgment, we allowed full argument by counsel as to whether or not the several rulings excepted to were erroneous in law. As none of them can be sustained, we violate the rights of no one in stating the reasons why they could not be sustained if in proper form.

The finding that the petitioner selected the USF & G in the first instance because the agent could write the policy and issue it without delay, attacked by exception No. 1, is a finding of fact. The evidence so overwhelmingly supported it that a contrary finding could not be allowed to stand as supported by any evidence. The further finding

attacked by said exception that the petitioner "did not constitute Hambleton his agent to keep him insured in such companies as the agent might select" is at best a mixed question of law and fact. Whether or not agency exists is a question of fact. Whether or not upon certain undisputed facts agency is created may be a question of law.

We are not unmindful that there are cases which hold that when a man places insurance with an agent *with instructions to keep him covered,* and leaves the choice of companies entirely to the agent, such agent is authorized to waive notice of cancellation and to effect substitutions of policies in the line of insurance carried by his client. Examples of these cases are *Rose Inn* v. *National Union Fire Ins. Co. et al.,* 258 N. Y. 51, 179 N. E. 256; *N. Pelaggi & Co., Inc.* v. *Orient Ins. Co.,* 102 Vt. 384, 148 Atl. 869; *Federal Ins. Co.* v. *Sydeman,* 82 N. H. 482, 136 Atl. 136; *Lavoie* v. *North British Mercantile Ins. Co. et al.,* 85 N. H. 550, 161 Atl. 376; *Hollywood Lumber & Coal Co.* v. *Dubuque Fire & Marine Ins. Co.,* 92 S. E. (W. Va.) 858; *Firemen's Ins. Co.* v. *Simmons et al.,* 22 S. W. (2nd) (Ark.) 45.

In all of these cases with the exception of the *Lavoie* case and the *Firemen's Ins. Co.* case, the court found an *express agreement* by and between the insured and the agent *to keep the insured covered* to a stated amount and the *choice of companies was left entirely to the agent.*

The *Lavoie* case involved a succession of binders, none of which were ever delivered to the insured. As the risk was successively rejected by the company in which it was bound, the risk was bound in another. In the *Firemen's Ins. Co.* case, the Arkansas court, quoting from a prior decision thereof, stated: "Our court is committed to the doctrine that authority of such breadth and scope (conferred upon the agent in the beginning to insure the property in any company he represented, leaving the selection or designation of any company to him) has the effect of constituting the

agent of the insurer the agent of the insured also, to accept the policy when written, and to waive the cancellation notice clause, and to accept a new policy in lieu of the old one." Such may be the law of Arkansas but we are not prepared at this time to accept it as the law in this State.

Without intimating our opinion as to the soundness of any of the foregoing decisions from other jurisdictions, the situation in this case differs from that existing in each of those cases and they are not applicable to it. Here the petitioner obtained a specific automobile liability insurance policy from the agent. So far as the record discloses, the only other insurance business that the agent had ever had with the petitioner was to effect a policy of insurance upon the petitioner's home but not upon his furniture. The mere purchase of an occasional policy from an insurance agent, even if the initial selection of companies be left to the agent, does not, as a matter of law, constitute the insurance agent the agent of the insured to keep him insured, or to keep him insured in such companies as the agent may thereafter select, with authority to accept cancellation and procure substituted policies. Not only was the presiding justice justified in finding that the petitioner had not constituted Hambleton his agent with such powers but a contrary finding would be erroneous in law. The respondent takes nothing by exception No. 1.

Insofar as the third finding involves findings of fact they were amply justified by the record. If any question of law is involved therein we have already disposed of the same in our discussion of exception No. 1. The respondent takes nothing by exception No. 3.

For the reasons heretofore stated the respondent takes nothing by exception No. 5. Unless cancelled, the policy issued and delivered to the petitioner by the respondent, United States Fidelity and Guaranty Company, was in full force, and that company was covering at the time of the ac-

cident. The only claim of cancellation is the action of the agent heretofore discussed and held by us to be ineffective therefor. The Travelers has admitted co-existent coverage. The division of coverage so that any loss arising out of the petitioner's liability for the accident, as defined by the policies, must be borne equally by the two companies up to the total of the combined coverage but not in excess thereof, is strictly in accord with the provisions of the two policies with respect to other existing insurance.

*Exceptions 2 and 4 are overruled.*

*Exceptions 1, 3 and 5 are dismissed.*