Kenneth L. PULLEN et al.

v.

Elden C. BARTLETT.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1985.

Decided April 15, 1986.

---

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Gerard Fournier (orally), Philip E. Johnson, Augusta, for plaintiffs.

92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *State v. Borucki,* 505 A.2d 89, 93 (Me.1986).

R. James Davidson (orally), Samuel G. Cohen, Waldoboro, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN [1] and SCOLNIK, JJ., and WERNICK, A.R.J.

NICHOLS, Justice.

The Defendant, Elden C. Bartlett, appeals from a judgment entered in Superior Court (Kennebec County) following a jury trial holding the Defendant liable for trespass and for the wrongful cutting and carrying away of wood and timber and declaring the Plaintiffs, Kenneth L. Pullen and Elsie Pullen, to hold title to certain real estate located in Somerville. The central factual issue at trial was the location of the common boundary between the land of the Plaintiffs and the land of the Defendant. The dispute focused upon confusion as to where the Washington-Somerville town line was located at a time when the parties' respective predecessors in title owned the disputed area.

■ On appeal the Defendant first argues that the trial justice erred in denying his motion for a new trial because he asserts counsel for the Plaintiffs made misstatements of fact during his rebuttal argument that prejudiced the jury. Upon review of the record we find that the alleged misstatements, when read in context,

are either not misstatements or are at most rephrasings of ambiguous statements made by their witnesses. Further, the justice appropriately instructed the jury that statements and arguments of counsel are not evidence. Therefore, the denial of the Defendant's motion was within the exercise of sound discretion by the trial justice. *See Werner v. Lane,* 393 A.2d 1329 (Me.1978).

■ The Defendant also contends that the evidence is insufficient to support the verdict. This case turned upon the weight that the jurors ultimately gave to the testimony of each party's surveyor. After reviewing the record in a light most favorable to the Plaintiffs, we cannot say that the jury's determination in favor of the Plaintiffs was unsupported by credible evidence. *See Binette v. Deane,* 391 A.2d 811, 813 (Me.1978).

Our entry must be:

Judgment affirmed.

All concurring.

---

**1.** Justice Wathen sat at oral argument but participated no further.