STATE OF MAINE                    SUPERIOR COURT
AROOSTOOK, ss                DOC. NO: CARSC-RE-2018-004

|  |  |  |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES,SERIES 2005-5 | ) ) ) ) ) ) ) ) ) |  |
| Plaintiff | ) | ORDER ON MOTION FOR |
| V. | ) ) | FURTHER FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| WENDY BARD and ROLAND BARD, JR. | ) ) | and MOTION FOR NEW TRIAL |
| Defendants | ) ) |  |
| STATE OF MAINE-BAIL COMMISSIONER | ) ) |  |
| Party In Interest | ) ) |  |
| DADA REAL ESTATE INVESTMENT, LLC | ) ) |  |
| Intervenor | ) |  |

       Before the court is intervenor, DADA Real Estate Investment, LLC's Motion for Further Findings of Fact and Conclusions of Law and Motion for New Trial. The court has reviewed the motions and the objections of Plaintiff. The court issues the following order:

1. Regarding the Motion for Further Findings of Fact and Conclusions of Law, the court makes the additional findings of fact and conclusions of law as set forth herein.

2. "A mutual mistake is one 'reciprocal and common to both parties, where each alike labors under the misconception in respect to the terms of the written instrument.' Horton & McGehee, *Maine Civil Remedies* § 14.16 at 14-19, 20 (1994)(citing *Tarbox v. Tarbox*, 111 Me. 374, 380-81, 89 A. 194 (1914)). A party seeking to reform a written deed must prove mutual mistake of fact by clear and convincing evidence. *Lietz*, 543 A.2d at 368." *Bryan v. Breyer*, 665 A.2d 1020, 1022.

3. The legal description attached to the Mortgage was incomplete as it did not include an easterly boundary on one of parcels included in the mortgaged premises. The legal description attached to the Mortgage included a reference that the property described was "the same premises as described in the deed from First Citizens Bank to Wendy Bard and Roland Bard, Jr., dated May 31, 2001 and recorded in Book 1250, Page 137, Aroostook County Registry of Deeds." *Plaintiff's Exhibit "B"*.

4. Plaintiff's Exhibit "K" was a certified copy of the quitclaim deed from First Citizens Bank to Wendy Bard and Roland Bard, Jr., dated May 31, 2001 and recorded in Book 1250, Page 137, Aroostook County Registry of Deeds which included the easterly boundary on the parcel referenced in paragraph 3 above. *Plaintiff's Exhibit "K"*. The Court finds the Plaintiff has presented clear and convincing evidence that the omission was a scrivener's error and a mutual mistake regarding the legal description contained in the Mortgage Deed.

5. Regarding the Motion for New Trial, the court notes that the intervenor seeks a new trial to produce evidence regarding the business records related to the specific servicer charges. The specific servicer charges were set forth in Plaintiff's Exhibit "G", which was admitted without objection. The exhibit sets forth the dates of payments related to the protection and preservation of the property following a breach of the Mortgage by the Bards, the amount of the payments actually made, and a brief description of what the advance was related to. The court notes that the intervenor was represented by counsel at the trial and had the opportunity to present any witnesses or evidence related to the protection and preservation actions of Plaintiff[1] and failed to do so. The intervenor also failed to ask the witness at trial any questions on cross examination regarding the expenditures that it seeks to call into question.

6. Although the Plaintiff contends that trial the court sustained Plaintiff's objection to counsel for the intervenor testifying at trial, that is incorrect. As the record makes clear, the court received argument on the intervenor's objection to Exhibit "E" from both Plaintiff's counsel and the intervenor's counsel. The court thereafter indicated that the court would receive Exhibit "E" *de bene* and reserve ruling on the admissibility. No determination was made by the court as to counsel for the intervenor testifying. *Trial transcript at page 17, line 19, through page 21, line 12*. When the intervenor had the opportunity to present witnesses or evidence after the close of Plaintiff's case in chief, the intervenor elected not to do so. *See, Pullen v. Bartlett,* 507 A.2d 1070, 1071(Me.1986)("[S]tatements and arguments of counsel are not evidence."). To the extent the arguments of counsel were an offer of proof, in order to assist the court such an offer of proof must be followed by properly presented

---

[1] Assuming arguendo that the intervenor had standing to challenge activities related to a contractual provision between the Bards and the Plaintiff.

evidence during trial. The intervenor failed to present any evidence at trial to assist the court in this regard. *See, Ayer v. Harris*, 125 Me. 249 (Me. 1926) (Noting the "academic principle of law that findings must be based upon the evidence in the case").

7. Although the intervenor filed the discovery request with the court, it is unclear why it did so. *M.R.Civ.P. 26(f)(1)*("Unless otherwise ordered by the court, or necessary for use in the proceedings, written questions and transcripts of depositions prepared in accordance with Rule 5(f), interrogatories, requests pursuant to Rules 34 and 36, and answers, objections and responses thereto shall be served upon other parties *but shall not be filed with the court*."). In its motion for new trial the intervenor references this request in a footnote, claiming "[i]t was never addressed by the court." The court received *no* request for discovery conference or motion related to discovery activities. *Id. at 26(g)*. Absent a motion related to discovery or request for conference, there is *no action* for the court to take related to a discovery request. Further, although the intervenor in the same footnote alludes to an issue about the time of receipt of information or exhibits, it sought no action by the court or relief from the court related thereto, such as a motion to continue or motion to leave the record open.

8. Pursuant to M.R.Civ.P. 59(a), "[t]he justice or judge before whom an action has been tried may on motion grant a new trial to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state." The intervenor's motion was timely. *M.R.Civ.P. 59(b)*. The intervenor's request for new trial relates to a limited issue but seeks not only additional hearing time but also seeks an order reopening the discovery period to permit the intervenor to conduct additional discovery.

9. The intervenor has presented no reasonable explanation for its failure to present any evidence on the issue at trial that it has raised in its post-trial filings. The court further finds that the intervenor has failed to show a sufficient basis for the court to grant a new trial.

Intervenor's motion for further findings of fact and conclusions of law is hereby **GRANTED**, in part, and **DENIED**, in part, as set forth herein.

Intervenor's motion for new trial is hereby **DENIED**.

Dated: 6/1/2022

Justice, Maine Superior Court